Vonzell Palmer **PATILLO**, Appellant,

v.

Walter Eugene **PALMER**, Appellee.

No. 4925.

Court of Civil Appeals of Texas, Eastland.

June 10, 1976.

W. L. Burke, Jr., Robinson, Hanna, Burke & Moore, Inc., Abilene, for appellant.

Randy Wilson, Wilson & Saringer, Abilene, for appellee.

WALTER, Justice.

On October 26, 1962, a judgment dissolving the bonds of matrimony of Vonzell Palmer and W. E. Palmer was rendered providing for W. E. Palmer to make child support payments of $60 per month for their child, Royce Scott Palmer, a boy, born June 1, 1959.

An agreed order that Mr. Palmer was in arrears in the sum of $6,840.00 on his child support payments was signed by the parties and the judge in October, 1973. The order recites Mr. Palmer was in contempt because of said arrearage and the parties agreed he could purge himself of contempt by making monthly payments to be applied on the arrearage in addition to his regular child support payments. From said date he has made his payments regularly.

Vonzell Palmer Patillo brought this suit against her former husband seeking a judgment for $6,040.00 the unpaid balance of the arrearage child support.

The court found Palmer was not in default and Mrs. Patillo was not entitled to reduce the arrearage to judgment as provided for in the Texas Family Code. Mrs. Patillo has appealed.

Section 14.09 of the Texas Family Code provides as follows:

"(a) Any order of the court may be enforced by contempt.

(b) A court may enforce an order for support as provided in Rule 308A of the Texas Rules of Civil Procedure or any subsequent version of the rule promulgated by the supreme court.

(c) On the motion of any party entitled to receive payments for the benefit of a child, the court *may render judgment against a defaulting party* for any amount unpaid and owing after 10 days' notice to the defaulting party of his failure or refusal to carry out the terms of the order. The judgment may be enforced by any means available for the enforcement of judgments for debts.

(d) A parent may be compelled to testify fully in regard to his ability to support the child." (Emphasis added)

The agreed narrative statement of facts reveals:

"4. It was agreed that Walter Eugene Palmer has made payments regularly on the arrearage of child support as ordered beginning with the October 15, 1973 payment."

The statute does not compel the court to render judgment against a defaulting party. We hold this record does not show the court abused his discretion in refusing to grant such judgment.

We have considered all of appellant's points and find no merit in them. They are overruled.

The judgment is affirmed.