**Dorothy Sue EDWARDS, Appellant,**

v.

**Davis Emmett EDWARDS, Appellee.**

No. C2692.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 1, 1981.

D. Camille Dunn, Houston, for appellant.

Lance Winchester, Houston, for appellee.

Before BROWN, C. J., and MILLER and MORSE, JJ.

J. CURTISS BROWN, Chief Justice.

Appellant, Dorothy Sue Edwards, appeals from a judgment amending a prior judgment in her favor on a motion to reduce unpaid child support to judgment. We reverse and remand.

The parties were divorced in 1972. The divorce decree ordered appellee, David Emmett Edwards, to pay appellant the sum of $300.00 per month for the support of the couple's two children. In 1976, appellee filed a motion to modify the support obligations pursuant to Tex.Fam. Code Ann. § 14.08 (Vernon Supp. 1980–1981). On May 27, 1977, a default judgment was signed in favor of appellee wherein the arrearage in the amount of $7,150 was forgiven and the appellee's future payments were reduced to $100 for the period beginning February 5, 1977 through January 20, 1979 and $200 for the period beginning February 5, 1979 until further orders of the court. Appellant did not file a motion for new trial nor did she prosecute an appeal or writ of error from this default judgment.

On October 1, 1979, appellant filed a motion to reduce unpaid child support to judgment and motion for contempt. Appellee defended this motion by asserting that the delinquent payments had been forgiven by the trial court in its prior order of May 27, 1977. The trial court, on August 26, 1980, nevertheless awarded judgment for appellant in the amount of $7,150 for the arrearage and in the amount of $1,650 for the period of time beginning February 5, 1977 through June 5, 1980. The trial court subsequently amended that judgment on November 26, 1980 so as to grant appellant relief only in the amount of $1,650. It is from that judgment that appellant appeals.

Appellant asserts in her two points of error that the trial court erred in (1) not granting her judgment for the amount of support payments in arrears and (2) miscalculating the amount owing for the period beginning February 5, 1979 through June 5, 1980 because it failed to take into consideration the $100 increase granted by the trial court for that period in the May, 1977 judgment. This appeal therefore involves both a collateral attack on the May, 1977 judgment and a direct attack on the November, 1980 judgment. We will first discuss appellant's contentions with respect to her first point of error.

Appellant asserts that the May, 1977 judgment was subject to collateral attack through her motion to reduce unpaid child support to judgment because the trial court exceeded the jurisdictional limits of the statute under which appellee filed his motion to modify and under which the trial court forgave the arrearage. The applicable provisions of that statute are as follows:

§ 14.08 MODIFICATION OF ORDER

... (c) After a hearing, the court may modify an order or portion of a decree that: ... (2) provides for the support, sets

the terms and conditions for access to or possession of a child, or prescribes the relative rights, privileges, duties, and powers of conservators if the circumstances of the child or a person affected by the order or portion of the decree to be modified have materially or substantially changed since the entry of the order or decree; *except that an order providing for the support of a child may be modified only as to obligations accruing subsequent to the motion to modify.* (Emphasis ours)

Appellant claims that the emphasized portion of § 14.08 is jurisdictional in nature thereby rendering the May, 1977 judgment partially void and subject to collateral attack. We agree with appellant's contention and hold that a trial court has no jurisdiction to modify or forgive child support obligations accruing prior to the motion to modify.

■■■ A judgment is subject to collateral attack only if it was void for lack of jurisdiction over the person or the subject matter. *Clayton v. Hurt,* 88 Tex. 595, 32 S.W. 876 (1895). If the trial court committed error in rendering its judgment, it is at best voidable and subject only to direct attack by one of the various methods provided for by the laws of this state. *Clayton v. Hurt, supra; McEwen v. Harrison,* 162 Tex. 125, 345 S.W.2d 706 (1961).

The jurisdictional problem presently before this court concerns not the propriety of the trial court's jurisdiction over the persons in this suit but of the subject matter. This question goes to the court's *power* to render a particular judgment. In most cases the answer may be found in Article V of the Texas Constitution wherein a court is given power to hear a case and render a judgment based on the amount in controversy or the nature of the case. In other cases, as in the county courts-at-law, the court's power is derived from a statute. It is when a statute purports to prohibit a specific action by the trial court, as is the case with § 14.08(c)(2), that the question becomes more difficult.

It is well established that a judgment rendered by a trial court having jurisdiction over the person and the subject matter becomes final after the expiration of 30 days from the date it is signed. Tex.R.Civ.P. 329(b). The same rule applies to divorce judgments rendered in this state. It is only on the issues of child custody and support that the sanctity of this final judgment is somewhat lessened. This results from the enactment of a statute granting the court which entered the divorce judgment continuing jurisdiction over matters affecting the parent and child. Tex.Fam. Code Ann. § 11.05 (Vernon Supp. 1980–1981). This statute provides in relevant part:

§ 11.05 Continuing Jurisdiction [1]

*Text of subsection (a) as amended by Acts 1979, 66th Leg., p. 1471, ch. 643 § 2 and Acts 1979, 66th Leg., p. 1888, ch. 763, § 1.*

(a) Except as provided in Subsections (b), (c), (d), and (e) of this section and Section 17.05 of this code, when a court acquires jurisdiction of a suit affecting the parent child relationship, that court retains continuing jurisdiction of *all matters provided for under this subtitle* in connection with the child, and no other court has jurisdiction of a suit affecting the parent child relationship with regard to that child except on transfer as provided in Section 11.06 or 17.06 of this code. . . . (Emphasis ours)

---

1. Vernon Supp. 1980–1981 contains another § 11.05(a) which provides as follows:

   *Text of subsection (a) as amended by Acts 1979, 66th Leg., p. 1201, ch. 584, § 1, and Acts 1979, 66th Leg., p. 1888, ch. 763, § 1.*

   (a) Except as provided in Subsections (b), (c), (d), and (e) of this section and in Section 11.052 of this code, when a court acquires jurisdiction of a suit affecting the parent-child relationship, that court retains continu-ing jurisdiction of all parties and matters provided for under this subtitle in connection with the child. No other court of this state has jurisdiction of a suit affecting the parent-child relationship with regard to that child except one transfer as provided in Section 11.06 of this code.

The differences between the sections are not material to the case before this court.

The emphasized portion of the statute implies a legislative intent to give the court with continuing jurisdiction power to change a previous final judgment *only* of those matters provided for under the code. Inclusive in that phrase is the intent to require the court to strictly follow the mandates of the statute allowing a modification; otherwise, the policy of this state to give finality to judgments so as to facilitate the administration of justice would be defeated. *See Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d 996 (1950).

When appellee filed his motion to modify the support obligations pursuant to § 14.-08(c)(2), the trial court, exercising its continuing jurisdiction, only had the power over the subject matter specifically given it by that statute.

A commentary in 5 Tex.Tech.L.Rev. (1973–1974) points out the effect of § 14.-08(c)(2):

### § 14.08 MODIFICATION OF ORDER

Subsection (c) states existing law except in the provision that support obligations may be modified only prospectively. This operates to penalize an obligor who does not promptly seek court relief. . . . This makes each installment under an order for periodic support final and nonmodifiable when it falls due. The purpose of making each installment final is to give each past due installment the status of a final judgment entitled to full faith and credit in other states. *Griffin v. Griffin,* 327 U.S. 220[, 66 S.Ct. 556, 90 L.Ed. 635] (1945). *Sistare v. Sistare,* 218 U.S. 1[, 30 S.Ct. 628, 54 L.Ed. 905] (1910); *Ex Parte Helms,* 152 Tex. 480, 259 S.W.2d 184 (1953); *Rumpf v. Rumpf,* 150 Tex. 475, 242 S.W.2d 416 (1951).

This principle has been followed in several cases allowing retroactive modification of support obligations which have accrued since the filing of the motion to modify. *Black v. Bassett,* 619 S.W.2d 193 (Tex.Civ. App.—Texarkana 1981, no writ); *Grundy v. Grundy,* 589 S.W.2d 776 (Tex.Civ.App.— Dallas 1979, no writ); *Casterline v. Burden,* 560 S.W.2d 499 (Tex.Civ.App.—Dallas 1977, no writ).

In *Casterline,* the court states that on the issue of retroactive modification, past due payments are not granted final judgment status without judicial intervention. They reason that had the legislature intended such a result, there would have been no need to enact § 14.09(c) of the Family Code which provides for reduction of delinquent support payments to judgment. This would seem to contradict the above quoted commentary with regard to the giving of final judgment status to each past due installment. However, it is important to distinguish between a motion to modify and a motion to reduce unpaid child support to judgment. With respect to a motion to modify, the *Casterline* court allows retroactive modification only of the obligations accruing since the filing of the motion. This implies that once the motion is filed, the installments are not final but may be modified as ordered by the court. However, because the court only allows for retroactive modification of those payments accruing subsequent to the filing of the motion, it follows that those accruing prior to the motion are final and nonmodifiable. With respect to the court's reference to § 14.09(c) which would suggest that past due payments are not final as they may be reduced to judgment upon motion of the custodial party, it is important to point out that § 14.09 was created so as to give that party another remedy to *enforce* the prior judgment in addition to the already existing remedy of a motion for contempt. *Frank v. Reese,* 594 S.W.2d 119 (Tex.Civ. App.—Houston [1st Dist.] 1979, no writ); *Houtchens v. Matthews,* 557 S.W.2d 581 (Tex.Civ.App.—Fort Worth 1977, writ dism'd); *Stephens v. Stephens,* 543 S.W.2d 686 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ).

In enforcing a judgment, the trial court has the power to change, alter, or suspend a support order. *Menner v. Ranford,* 487 S.W.2d 698 (Tex.1972). In *Menner,* the court allowed the trial court to rearrange the payment of arrearages without finding the obligor in contempt. This decision, which occurred prior to the enact-

ment of § 14.09 and particularly Chief Justice Calvert's dissent, laid the ground work for the enactment of § 14.09(c). Whether an aggrieved party seeks relief through a motion for contempt or a motion to reduce unpaid child support to judgment, the court's power in *enforcing* a prior judgment is very broad. For example, if on a motion for contempt the court finds that an obligor is only able to pay $1,000 of his $10,000 arrearage, it may order him to pay that amount and forgive the remaining sum so that he may avoid imprisonment. The court's powers are similarly as broad pursuant to § 14.09(c). Therefore with respect to *enforcing* a judgment, a trial court has the power to forgive delinquent payments.

In the case before us, the trial court did not forgive the arrearage on appellant's motion to reduce unpaid child support to judgment or her motion for contempt; if it had, its action would have been proper. That was the situation occurring in *Whitley v. Whitley*, 566 S.W.2d 660 (Tex.Civ.App.—Beaumont 1978, no writ), a case relied on by appellee. *Whitley* may be distinguished from the case at hand as the trial court there forgave the delinquent payments on the mother's motion for contempt. When she later moved to reduce the unpaid payments to judgment, the father's plea of res judicata was sustained. In the case before this court, the trial court forgave the payments on appellee's motion to modify. Since the payments which were forgiven accrued prior to the motion to modify and were therefore final and nonmodifiable, the trial court had no power to order them forgiven. Appellee's motion thus essentially became a partial collateral attack on the 1972 divorce judgment. Since that judgment was a valid final judgment, it was not subject to collateral attack. For that reason, the May 1977 judgment was subject to collateral attack requiring a reversal by this court of the November 1980 judgment.

Appellant's second point of error must also be sustained as the trial court failed to consider the $100 increase for the period beginning February 5, 1979 through June 5, 1980. We disagree with the trial

court's conclusion that this was an automatic increase which was unenforceable.

Appellee relies on *In the Interest of J.M. and G.M.*, 585 S.W.2d 854 (Tex.Civ.App.—San Antonio 1979, no writ) wherein the court held that the automatic increase provisions in the divorce decree were unenforceable because not based upon the actual needs of the children but upon an arbitrary formula which anticipated the father's future income. We do not view the increase of $100 for the period in question as an "automatic increase" of the type spoken to in *In the Interest of J.M. and G.M.* The 1977 judgment in the case at hand simply *reduced* the $300 payment to $100 for one period and *reduced* the $300 payment to $200 for the second period.

The trial court having failed to consider the increase for the period in question, we remand the case to the trial court for proceedings consistent with this opinion.

Reversed and remanded.