Laura Ann HOLLIDAY, Appellant,

v.

Omie Lee HOLLIDAY, Appellee.

No. B2938.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 14, 1982.

Clark Gable Ward, Ward, Bush, Lemond & Ward, Houston, for appellant.

Ned Wade, Jr., Wade & Rasmus, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and ROBERTSON, JJ.

MURPHY, Justice.

Appellant, Laura Ann Holliday, contends that the trial court's denial of her Motion to Reduce Unpaid Child Support to Judgment, pursuant to Tex.Fam.Code Ann. § 14.09(c) (Vernon 1975), was error and that the court was obligated to grant the motion as a matter of law. We hold under the facts of this case that the trial court had no such legal duty, and its denial of the motion was not improper. Affirmed.

Appellant and Appellee were divorced in 1965, and Appellant was awarded custody of their three children. Appellee was ordered to pay child support in the amount of $40.00 per week. From 1965 until 1981, Appellant filed several contempt actions to collect unpaid child support payments, and during that period the court modified the divorce decree by increasing the amount of child support to $300.00 per month. On April 10, 1981, Appellant filed her most recent Motion for Contempt, alleging $5,206.00 net arrearage in child support payments, and on April 30, 1981, filed a Motion to Modify the prior order. This latter motion requested the court to order increased support payments beyond the age of eighteen, as authorized by Tex.Fam.Code Ann. §§ 14.08 (Vernon Supp.1982) and 14.05(b) (Vernon 1975), for one child who was mentally disabled. Acting on the Motion for Contempt, on May 14, 1981, the court found Appellee guilty of contempt for failure to pay $6,050.00 in accrued child support payments and allowed him to purge himself by paying $2,000.00 of the total arrearage. Approximately one month later, on June 17, 1981, Appellant filed a Motion to Reduce Unpaid Child Support to Judgment in an attempt to collect $4,050.00 supposedly unpaid and owing after subtracting the $2,000.00 payment from the total arrearage of $6,050.00. On August 28, 1981, the court granted Appellant's Motion to Modify the prior order, thereby increasing and indefinitely continuing support for the mentally disabled child who had reached the age of eighteen on August 18, 1981.

Appellant appeals from the District Court's denial of her Motion to Reduce Unpaid Child Support to Judgment, contending that the court had a legal duty to grant it under Tex.Fam.Code Ann. § 14.09(c) (Vernon 1975), which states:

(c) On the motion of any party entitled to receive payments for the benefit of a child, the court may render judgment against a defaulting party for any amount unpaid and owing after 10 days' notice to the defaulting party of his failure or refusal to carry out the terms of the order. The judgment may be enforced by any means available for the enforcement of judgments for debts.

Appellant relies on *Menner v. Ranford,* 487 S.W.2d 698 (Tex.1972) and *Frank v. Reese,* 594 S.W.2d 119 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ) as support for the proposition that past due child support is a vested property right which may not be deprived without due process of law. We believe that neither of those cases speaks to the issue of child support as a vested property right, and we find no authority to support such an assertion. The legal duty to support, imposed on parents of minor children by §§ 4.02 and 12.04(3) of the Texas Family Code, does not serve to vest property rights rising to Constitutional proportions. *Menner* was decided before § 14.09 was enacted in its present form, and in fact provided the impetus for the enactment of § 14.09(c) in particular. *Edwards v. Edwards,* 624 S.W.2d 635, 638–639 (Tex.Civ.App.—Houston [14th Dist.] 1981,

no writ). The *Frank* case is not pertinent, because it involved *concurrent* motions for contempt and for reduction of arrearage to judgment.

 The subtle relationship between Tex.Fam.Code Ann. § 14.08 (Vernon Supp. 1982), pertaining to modification of a prior order, and § 14.09 (Vernon 1975), relating to the enforcement of an order, has been examined previously by this Court in *Edwards v. Edwards.* Section 14.08(c)(2) provides:

> (c) After a hearing, the court may modify an order or portion of a decree that:
> (2) provides for the support of a child, sets the terms and conditions for access to or possession of a child, or prescribes the relative rights, privileges, duties, and powers of conservators if the circumstances of the child or a person affected by the order or portion of the decree to be modified have materially and substantially changed since the entry of the order or decree; except that an order providing for the support of a child may be modified only as to obligations accruing subsequent to the motion to modify.

The effect of this section is that all payments accruing prior to the filing of the Motion to Modify are final and unmodifiable. *Edwards v. Edwards,* 624 S.W.2d at 638. By contrast, a court has broad powers to enforce a prior order under § 14.09, including the remedies of contempt, a special proceeding provided under Tex.R.Civ.P. 308–A, and reduction of arrearages to judgment.

 An analysis of the sequence of the various motions is crucial to the correct determination of this case. When the trial court acted on Appellant's Motion for Contempt, the first motion filed, it clearly had the power to forgive $4,050.00 in delinquent payments. *Id.* at 639; *Taylor v. Goodrich,* 25 Tex.Civ.App. 109, 40 S.W. 515, 524 (1897, no writ). When Appellee purged himself of the contempt by paying $2,000.00 of the total arrearage of $6,050.00, at that point there was no child support due. The slate had been wiped clean. Therefore, it would have been improper

for the court one month later to grant Appellant's Motion to Reduce Unpaid Child Support of $4,050.00 to Judgment, when at most only $300.00 could have been due under the then-existing order. *Patillo v. Palmer,* 539 S.W.2d 88 (Tex.Civ.App.—Eastland 1976, no writ). In addition, the issue of unpaid support in the same amount as previously litigated would be res judicata. *Whitley v. Whitley,* 566 S.W.2d 660 (Tex.Civ.App.–Beaumont 1978, no writ).

The record contains no evidence that the District Court abused its discretion in forgiving the $4,050.00 balance, and absent a clear showing of abuse, the action must be upheld on appeal. *Stout v. Christian,* 593 S.W.2d 146, 151 (Tex.Civ.App.—Austin 1980, no writ); *Whitlow v. Mims,* 549 S.W.2d 45 (Tex.Civ.App.—Fort Worth 1977, no writ).

Affirmed.