**Michael Toler WILLIS, Appellant,**

v.

**Vera Christine WILLIS, Appellee.**

**No. B14–90–01004–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 27, 1992.

Daniel K. Hedges, Nancy L. Huston, Cheri Duncan, Warren W. Harris, Houston, for appellant.

Tom Alexander, David J. Sacks, Houston, for appellee.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

In an action to enforce a 1985 child support order, appellee was awarded $90,000 plus interest and attorney's fees. The

judgment of the trial court is reversed and the cause is remanded.

The parties were married in 1966 and had two children. Michael Toler Willis, Jr. was born March 23, 1967, and Mark Allen Willis was born August 2, 1968. The parties were divorced in 1969. Appellee was named managing conservator of the children and appellant was ordered to pay $300 per month in child support. That amount was increased to $400 dollars per month by an order dated August 23, 1973. In 1985, the parties signed and swore to an "AGREED MOTION CONCERNING DELINQUENT CHILD SUPPORT PAYMENTS" whereunder appellant was to pay $10,000 upon the execution of the motion and $2,000 per month thereafter until a total of $260,000 was paid. The agreed motion stated that the money was for the payment of "all past due, present and future child support payments." The trial court approved the agreed motion in an order that incorporated its terms on February 1, 1985. After paying $52,000 under this order, appellant stopped making the payments and appellee moved for enforcement. On July 18, 1990, the trial court found the 1985 order was valid and enforceable and awarded appellee $90,000 plus interest and attorney's fees.

Appellee contends that before the agreed motion was signed, she had requested past-due child support payments under the 1973 order which required appellant to pay $200 on the first and fifteenth of every month until the youngest child reached the age of eighteen beginning August 15, 1973. Under this order, appellant was to pay a total of $62,400, in 312 payments of $200 each. Appellee moved to recover the allegedly delinquent payments under the 1973 order under TEX.FAM.CODE ANN. § 14.09(c). The agreed settlement of January 2, 1985, was a result of this claim.

At the time the agreed motion was presented to the trial court, TEX.FAM.CODE ANN. § 14.09(c) stated:

On the motion of any party entitled to receive payments for the benefit of a child, the court may render judgment against a defaulting party for any amount unpaid and owing after 10 days notice to the defaulting party of his failure or refusal to carry out the terms of the order. The judgment may be enforced by any means available for the enforcement of judgments for debts.

TEX.FAM.CODE ANN. § 14.09(c) (repealed September 1, 1985).

■ In his first point of error appellant questions the validity of the 1985 order. He alleges that this order does not comply with § 14.09(c). It states merely that appellant agrees to pay $260,000. It does not state that appellant stipulates that $260,000 is the amount owed. In fact, $260,000 could not be an amount "unpaid and owing" under § 14.09(c). Such implies that a debt has accrued and has not been paid. Any amount appellant was required to pay was under the 1973 order. Through January 15, 1985, 275 payments had accrued. If appellant had made no payments, the total amount that could be "unpaid and owing" at the time of the 1985 agreed motion was $55,000, not $260,000. The motion and the order approving it state that the sum is for past, present and future child support. An amount to be paid in the future cannot be an amount "unpaid and owing." Therefore, the agreed motion could not have been approved under § 14.-09(c).

■ TEX.FAM.CODE ANN. § 14.08(a) states that an order that provides for the support of a child may be modified only by the filing of a motion in the court having continuing jurisdiction of the parent-child relationship. Since the child support was increased from the 1973 order, the 1985 agreed motion was actually a motion to modify under TEX.FAM.CODE ANN. § 14.08. Appellant contends that the agreed motion was improper because it failed to allege a material and substantial change in circumstances as required by TEX.FAM.CODE ANN. § 14.08(c)(2). Although this is correct, since appellant agreed and swore to the motion, a finding of change of circumstances was unnecessary. The fact that appellant agreed to the increase in child support implies a change in circumstances.

Appellant next argues that the 1985 order is invalid under § 14.08(c)(2) because the order modified child support obligations that accrued before the filing of the agreed motion. At the time of the 1985 order, TEX.FAM.CODE ANN. § 14.08(c)(2) stated:

(c) After a hearing, the court may modify an order or portion of a decree that:

. . . . .

(2) provides for the support of a child if the circumstances of the child or a person affected by the order or portion of the decree to be modified have materially and substantially changed since its entry, *except that a support order may be modified only as to obligations accruing subsequent to the motion to modify;* . . . (emphasis supplied)

Appellant contends that since the 1985 order referred to past as well as future support, the order is not a valid modification order. Appellee argues that the agreed motion and order "covered all disputes between the parties as to past-due support and support through the eighteenth birthday of each child in the future, until they reached the age of majority" and characterized the 1985 order as enforcing "past due child support payments." This is consistent with testimony, and the findings of fact of the trial court. At the time of the 1985 order, the elder child was approximately one month away from eighteen and the younger child was approximately a year and a half away. This supports the argument that the major portion of the agreed amount of $260,000 was for child support which had already become due.

Child support payments may not be modified once they have accrued. A support order may be modified only as to subsequent child support obligations. *Richey v. Bolerjack,* 594 S.W.2d 795, 799 (Tex.Civ. App.—Tyler 1980, no writ); TEX.FAM.CODE ANN. § 14.08(c)(2). A trial court may also retroactively modify support obligations which have accrued *since the filing of the motion to modify. Rocha v. Villarreal,* 766 S.W.2d 895, 898 (Tex.App.—San Antonio 1989, no writ); *Klaver v. Klaver,* 764 S.W.2d 401, 404 (Tex.App.—Fort Worth 1989, no writ) (emphasis supplied). Here, the trial court abused its discretion by ordering the modification of child support obligations which accrued prior to the filing of the agreed motion to modify. The trial court was without authority to approve the agreed motion and to enforce the payment of the accrued child support. Appellant's first point of error is sustained.

In its 1985 order, the trial court failed to make any finding as to which part of the $260,000 was for past due child support and which was for support from the time of the motion to modify through the majority of the children. The cause is remanded to the trial court for such a determination. The amount of past-due support under the 1973 order which accrued before the filing of the agreed motion to modify cannot be modified. Payment must be sought through the proper legal channels. Since appellant's first point of error is sustained, it is unnecessary to review appellant's remaining points.

Appellee brings one cross-point which alleges that the trial court erred in excluding post judgment interest from the attorney's fee award. To preserve a complaint of error in a judgment, a party must apprise the trial court of its objection by a motion to amend or correct the judgment, a motion for new trial, or some other similar method. *WLR, Inc. v. Borders,* 690 S.W.2d 663, 668–69 (Tex.App.—Waco 1985, writ ref'd n.r.e.). Appellee failed to do this in the trial court. Therefore, appellee's cross-point is overruled.

The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.