Affirmed and Memorandum Opinion filed June 6, 2006









Affirmed
and Memorandum Opinion filed June 6, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00411-CV

____________

 

RUSSELL RAY PRYOR, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 215th
District Court

Harris County, Texas

Trial Court Cause No. 2004-14992

 



 

M E M O R A N D U M   O P I N I O N

The State of Texas brought suit to recover
approximately $4,911.00, which it claimed was the fruit of criminal
activity.  Russell Ray Pryor, appellant,
opposed the State=s action, contending he owned the
$4,911.00.  The State then sought
discovery to ascertain the source of appellant=s money.  Appellant responded inadequately, even after
sanctions, and the trial court ultimately struck appellant=s pleadings.  Appellant raises one issue claiming the trial
court abused its discretion in striking his pleadings.  We affirm.








Factual and Procedural Background

The State initiated forfeiture proceedings
to determine appellant=s interest in approximately
$4,911.00.  As part of its suit, the
State sought certain discovery including interrogatories, income tax returns,
and bank statements.  Appellant
inadequately responded to the requests and, on December 13, 2004, the trial
court held a hearing on the deficient responses.  The trial court ordered appellant to provide
adequate responses by December 20, 2004, instituted a one-hundred-dollar
sanction, and warned that if responses were not adequate, the trial court would
strike appellant=s pleadings.  

The trial court held another hearing on
January 24, 2005.  At that hearing, it
heard arguments concerning appellant=s responses.  Appellant did not produce the requested
documents, did not give an adequate explanation for why he failed to produce
them, attached only two affidavits that were non-responsive to many of the
interrogatories, and did not swear to his answers.  In short, the answers were deficient.  Telling appellant=s counsel, AIt=s not your fault,
sir.  You=re doing the very
best you can.  It=s your client, Mr.
Henderson, who is not following the law and is not responding as he should
be[,]@ the trial court
struck appellant=s pleadingsCso-called Adeath penalty
sanctions.@  

On appeal, appellant raises only one issue
and alleges the trial court abused its discretion.  The State responds that appellant=s issue is waived
and that, in any event, the trial court did not abuse its discretion.  We agree with both of the State=s arguments.

Analysis

I.        Waiver








To preserve error in a judgment, a party
must apprise the trial court of its objection by a motion to amend or correct
the judgment, a motion for new trial, or some other similar method.  Willis v. Willis, 826 S.W.2d 700, 702
(Tex. App.CHouston [14th Dist.] 1992, no writ); see
also Wade v. Farmers Ins. Group, 14-01-00691-CV, 2002 WL 1404713, at *2
(Tex. App.CHouston [14th Dist.] June 27, 2002, no
pet.) (not designated for publication) (holding that complaint regarding death
penalty sanctions would be waived if not preserved with appropriate post-trial
motion or some similar method).  Here,
Pryor filed no such motion; neither did he utilize some similar procedural
method to preserve his issue for review. 
As such, it is waived.  However,
even were we to consider the issue on the merits, he would not prevail.

II.       Trial
Court Did not Abuse Its Discretion

Striking a party=s pleadings for
discovery abuse is Athe most devastating@ sanction a trial
court may impose.  Transamerican
Natural Gas Corp. v. Powell, 811 S.W.2d 913, 917B18 (Tex.
1991).  Therefore, discovery sanctions
may not justify striking pleadings unless a party=s hindrance of the
discovery process justifies a presumption that its claims or defenses lack
merit.  Id. at 918.  If a party refuses to produce material
evidence, despite imposition of lesser sanctions, the trial court may presume
that an asserted claim or defense lacks merit. 
Id.  Such is the case here.

The trial court instituted two lesser
sanctions before striking appellant=s pleadings.  First, it imposed a one-hundred-dollar
sanction, and second it warned that appellant=s pleadings would
be struck if he did not provide adequate responses.  See Greer v. Martinez-Greer,
14-00-00272-CV, 2001 WL 1340357, at *5 (Tex. App.CHouston [14th
Dist.] November 1, 2001, no pet.) (not designated for publication) (stating that
an order to compel with a warning that a failure to comply will result in trial
court striking pleadings has been held to be in itself a lesser sanction).  When Pryor refused to comply with the trial
court=s order, in the
face of lesser sanctions including a warning, the trial court did not abuse its
discretion in striking his pleadings.

Conclusion

Having overruled
appellant=s sole issue, we affirm the judgment of
the trial court.

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed June 6, 2006.

Panel
consists of Justices Hudson, Fowler, and Seymore.