COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | No. 08-05-00302-CV |
| | § | |
| | § | Appeal from the |
| IN THE INTEREST OF J.I.M., | § | |
| A CHILD | | 383rd Judicial District Court |
| | § | |
| | | of El Paso County, Texas |
| | § | |
| | | (TC# 99-CM5892) |
| | § | |

**O P I N I O N**

This appeal arises from a trial court's order granting petition to modify the parent-child relationship in favor or J.I.M.'s father James A. Martinez. The order simultaneously denied a motion for enforcement of child support filed by J.I.M.'s mother, Ana Carroll. Appellant, Ana Carroll, raised two issues for our review. In Issue One, she contends the trial court abused its discretion by retroactively reducing Mr. Martinez's past-due child support obligations, which she asserts had been reduced to a final judgment pursuant to Section 157.261(a) of the Texas Family Code. In Issue two, Ms. Carroll argues the trial court also abused its discretion by refusing to enter a judgment in response to her motion for enforcement for unpaid child support. We reverse and remand.

Ana Carroll and James Martinez were divorced on December 16, 1999. There is one child from the marriage, J.I.M., who was born in June 1997. In the final divorce decree, Ms. Carroll and Mr. Martinez were appointed joint managing conservators, with Ms. Carroll granted the right to establish the primary residence of the child. Mr. Martinez was initially

ordered to pay child support in the amount of $800 per month beginning January 1, 2000. Pursuant to a formula in the final divorce decree, upon any change in Mr. Martinez's salary after October 1, 2000, the monthly child support amount would automatically adjust by a percentage equal to the percentage change in Mr. Martinez's salary. Mr. Martinez was also ordered to pay Ms. Carroll, twenty percent of the net amount of bonuses received by him from his employer as additional child support, beginning December 1, 2000. Finally, Mr. Martinez was required generally to notify Ms. Carroll of changes in his salary, including bonuses.

In the three years following the divorce decree, Mr. Martinez's salary and employment changed several times. On October 8, 2002, Mr. Martinez filed a motion to modify his child support obligation pursuant to Section 156.401 of the Texas Family Code. The petition requested a reduction of support due to a material and substantial change in circumstances, and because the previously ordered support payments were not in compliance with the support guidelines provided by Chapter 154 of the Code. *See* TEX.FAM.CODE ANN. § 156.401(a)(Vernon 2002).[1] At the time the motion was filed, Mr. Martinez's child support obligation under the divorce decree was in excess of $2,000 per month.

Ms. Carroll was served with the petition on October 23, 2002 and filed her answer on October 28, 2002. On November 19, 2003, Ms. Carroll filed a motion for enforcement of child support under Chapter 157 of the Family Code. In her motion, Ms. Carroll requested that the trial court find Mr. Martinez in contempt for failing to pay the full amount of child support based on salary increases and bonuses received between December 2002 and November 2003.

---

[1] The original petition in this case was filed in 2002, prior to the effective date of the most recent amendments to the Texas Family Code. Accordingly, we will review and apply the relevant provisions of the code as they existed in 2002.

Ms. Carroll moved for the entry of a money judgment for the total amount of the arrearages, including interest, attorney's fees, and costs.

On December 10, 2003, the trial court heard evidence and argument regarding both motions. Mr. Martinez testified that at the time he filed his motion, he was paying $1,200 per month. He argued that the $1,200 payments constituted the statutory maximum provided by the support guidelines, and because there was no evidence that the child's needs exceeded that amount, he was entitled to a reduction. However, he admitted that his payments were less than the amount he was obligated to pay under the divorce decree which was still in effect at the time of the hearing. Without disagreeing that he had failed to comply with the divorce decree, Mr. Martinez stated that his motion to modify included a request for a retroactive reduction of his obligation back to the date of his motion to modify. Ms. Carroll argued that despite Mr. Martinez's requested reduction, he remained obligated to make support payments in accordance with the decree, and that because he had failed to pay in full, she was entitled to a money judgment for the amount of the arrearage.

The trial court entered a judgment granting Mr. Martinez's motion to modify, and denying Ms. Carroll's motion for enforcement on June 14, 2005. Relying on TEX.FAM.CODE ANN. § 156.401, the trial court determined that it could modify the order as of the date of service of citation or appearance. Furthermore, the court held that because the modification resulted in a reduction of Mr. Martinez's support obligation during the pendency of his motion to modify, the court denied Ms. Carroll's request for enforcement of the terms of the divorce decree during the same time period as moot. It also ordered each party to bear their own attorney's fees and costs. Ms. Carroll has appealed the trial court's denial of her motion to enforce in two issues. In Issue

One, she argues that trial court's decision to retroactively reduce a child support obligation, which has not been paid, as part of a modification proceeding constitutes an abuse of discretion. In Issue Two, Ms. Carroll contends that the trial court had no discretion to refuse to enter a judgment on a proven arrearage in response to a motion for enforcement.

## ANALYSIS

Generally child support issues are reviewed under the abuse of discretion standard. *See Lindsey v. Lindsey*, 965 S.W.2d 589, 592 (Tex.App.--El Paso 1998, no pet.). In determining whether an abuse of discretion has occurred the question is not whether the reviewing court would make the same decision given the same facts and circumstances as presented in the trial court; but whether the trial court acted without reference to any guiding and principles. *Duran v. Garcia*, 224 S.W.3d 309, 313 (Tex.App.--El Paso 2005, no pet.), *citing Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). As a result, a trial court abuses its discretion by misapplying the law. *See Concha v. Concha*, 808 S.W.2d 230, 231 (Tex.App.--El Paso 1991, no writ). When statutory construction is required to determine whether the trial court acted in accordance with the law, the reviewing court conducts a *de novo* review. *See NCED Mental Health, Inc. v. Kidd*, 214 S.W.3d 28, 32 (Tex.App.--El Paso 2006, no pet.). A statute must be construed to give effect to all its provisions, with the ultimate objective being to determine and give effect to the Legislature's intent. *See City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003).

In the situation before us, the trial court was presented with two, potentially conflicting motions; one to modify and reduce a child support obligation, and one to enter judgment on an arrearage. The trial court concluded that its power to decrease Mr. Martinez's support obligation

under Sections 156.401 and 154.126 included the ability to erase Ms. Carroll's claim for arrearages, rendering her claim for enforcement moot.[2] In doing so, the trial court failed to recognize the distinction between its broad discretion to modify child support obligations, and its lack of discretion to enter judgment on a proven arrearage.

Mr. Martinez's motion to modify was filed pursuant to Section 156.401 of the Texas Family Code. In October of 2002, when the motion was filed, Section 156.401 paragraphs (a) and (b) provided:

(a)     Except as provided by Subsection (b), the court may modify an order that provides for the support of a child if:

(1)     the circumstances of the child or a person affected by the order have materially and substantially changed since the date of the order's rendition; or

(2)     it has been three years since the order was rendered or last modified and the monthly amount of the child support award under the order differs by either 20 percent or $100 from the amount that would be awarded in accordance with the child support guidelines.

(b)     a child support order may be modified only as to obligations accruing after the earlier of:

(1)     the date of service of citation; or

(2)     an appearance in the suit to modify.

TEX.FAM.CODE ANN. § 156.401(a) and (b)(Vernon 2002).

_____

[2] Although Ms. Carroll's notice of appeal indicated her disapproval with the modification, her appellate arguments are limited to whether the trial court's denial of her motion for enforcement based on a retroactive reduction of Mr. Martinez's support obligation. Therefore, we will limit our discussion to the court's decision to deny the enforcement motion. We express no opinion on the modification itself.

While Mr. Martinez's motion to modify was pending, Ms. Carroll filed a motion for enforcement of the existing child support order, contending that Mr. Martinez was not paying the required amount of child support. Ms. Carroll's motion was filed pursuant to Sections 157.261, 157.262, and 157.263. The relevant paragraphs of these sections state:

**§ 157.261.  Unpaid Child Support as Judgment**

(a)   A child support payment not timely made constitutes a final judgment for the amount due and owing, including interest as provided by this chapter.

(b)   For the purposes of this subchapter, interest begins to accrue on the date the judge signs the order for the judgment unless the order contains a statement that the order is rendered on another specific date.

TEX.FAM.CODE ANN. § 157.261 (Vernon 2002).

**§ 157.262.  Reduction of Arrearages; Abeyance of Enforcement**

(a)   Except as provided by this section, in a contempt proceeding or in rendering a money judgment, the court may not reduce or modify the amount of child support arrearages.

TEX.FAM.CODE ANN. § 157.262(a)(Vernon 2002).

**§ 157.263.  Confirmation of Arrearages**

(a)   If a motion for enforcement of child support requests a money judgment for arrearages, the court shall confirm the amount of arrearages and render one cumulative money judgment.

(b)   a cumulative money judgment includes:

(1)   unpaid child support not previously confirmed;

(2)   the balance owed on previously confirmed arrearages or lump sum or retroactive support judgments;

(3)   interest on the arrearages; and

(4)   a statement that it is a cumulative judgment.

TEX.FAM.CODE ANN. § 157.263 (Vernon 2002).

As a result of the interaction of these provisions, the trial court's generally broad discretion to modify child support obligations is limited by a mandatory duty to render judgment on a proven arrearage.[3] *See Williams v. Patton*, 821 S.W.2d 141, 145 (Tex. 1991); *Marriage of Vogel*, 885 S.W.2d 648, 651 (Tex.App.--Amarillo 1994, writ denied).

On one hand, the trial court has broad discretion to modify a child support obligations. *See* TEX.FAM.CODE ANN. § 156.401; *Wright v. Wright*, 867 S.W.2d 807, 812 (Tex.App.--El Paso 1993, writ denied). This discretion includes the ability to make a final modification retroactively effective to the earlier of the date of service of citation, or an appearance in the suit to modify. *See* TEX.FAM.CODE ANN. § 156.401(b). On the other hand, a trial court "shall confirm the amount of arrearages and render one cumulative money judgment" when presented with an enforcement motion and proof of an arrearage. TEX.FAM.CODE ANN. § 157.263(a); *see also* TEX.FAM.CODE ANN. § 157.005(b)(Vernon 2002)(trial court retains jurisdiction to confirm amount of arrearages and render judgment for past due child support). The code does not provide an exception to the trial court's duty to enter judgment on a proven arrearage during a

---

[3] Mr. Martinez cites two published opinions which stand for the general proposition that a trial court has the discretion to retroactively modify, increase, or decrease a support obligation by making the modification effective on the earlier of the date of service of citation or appearance in the modification proceeding. *Willis v. Willis*, 826 S.W.2d 700, 702 (Tex.App.--Houston [14th Dist.] 1992, no writ); *Edwards v. Edwards*, 624 S.W.2d 635, 638 (Tex.App.--Houston [14th Dist.] 1981, no writ). While we agree that generally the trial court's discretion under Section 156.401 allows for a retroactive reduction of support, that is not the end of the inquiry. Unlike both *Willis* and *Edwards*, here we are faced, not only with a motion to modify, but also with a motion for enforcement. *See Willis*, 826 S.W.2d at 701 (stating that the agreed motion which was the subject of the underlying suit was a motion to modify, not a motion for enforcement); *Edwards*, 624 S.W.2d at 639 (holding that the trial court exceeded its jurisdiction in modification proceeding by forgiving payments accrued prior to the motion to modify).

modification proceeding. *See* TEX.FAM.CODE ANN. § 157.262 and § 157.263; *see also In re Gonzalez*, 981 S.W.2d 313, 315 (Tex.App.--San Antonio 1998, pet. denied)(use of "shall" in Section 157.263 indicates legislative intent to place affirmative duty on trial court).

An order setting or modifying child support imposes an obligation to make periodic payments in support of the child. *See* TEX.FAM.CODE ANN. § 154.001 (Vernon 2002). Periodic payments which accrue between the earlier of service of citation or an appearance, and entry of a modification order can be modified under Section 156.401. TEX.FAM.CODE ANN. § 156.401. However, the trial court's discretion to retroactively modify the amount due during that period does not affect the obligor's ongoing duty to pay in accordance with the previous order until the date the modification order is entered.[4] Whether a modification motion is pending, or not, once a support payment has come due, any non-payment constitutes an arrearage upon which the trial court must enter a judgment pursuant to an enforcement motion. *See* TEX.FAM.CODE ANN. § 157.261; *see also* TEX.FAM.CODE ANN. § 157.262 (pendency of a motion to modify not included in list of exceptions).

By reducing a proven arrearage as part of its modification order, the trial court effectively added a new exception to Section 157.262. *See* TEX.FAM.CODE ANN. § 157.262(b)(pendency of

---

[4] In a case where the obligor has continued to make full payments in accordance with the existing support order, the trial court retains the discretion to make a modification order retroactive to the date the suit was filed, or the date of service. *See* TEX.FAM.CODE ANN.§ 156.401(b); *In the Interest of J.G.Z.*, 963 S.W.2d 144, 146 (Tex.App.--Texarkana 1998, no pet.). Should the modification result in a reduction of the child support obligation, the obligor may be entitled to a credit to be applied to future support payments for "overpayment" during the pendency of the motion. *See Beck v. Walker*, 154 S.W.3d 895, 903 (Tex.App.--Dallas 2005, no pet.). In the alternative, the movant has the option to file a motion for temporary orders. *See* TEX.FAM.CODE ANN. § 156.006 (Vernon 2002). If the trial court is persuaded to enter such an order, the obligor may be able to avoid over or under-payment during the modification proceeding.

modification proceeding not listed as an exception to provision that court may not reduce or modify an arrearage). Moreover, the court's decision rendered Section 157.263's mandate to render judgment on a proven arrearage null in this case despite Ms. Carroll's motion. Finally, given the strong public policy in favor of child support as a duty to the child, we cannot agree that the Legislature intended Section 156.401 to provide an avenue for a parent to ignore an existing support order in the hope that the trial court will ultimately reduce his or her obligation and therefore erase an arrearage. *See George v. Jeppeson*, 238 S.W.3d 463, 472 (Tex.App.--Houston [1st Dist.] 2007, no pet.), *citing Williams*, 821 S.W.2d at 145.

The pendency of a motion to modify does not change the obligation under an existing order. Instead, the Legislature has provided a number of tools and defenses for an obligor who is unable to pay all or part of the ordered support to avoid an arrearage. *See, e.g.,* TEX.FAM.CODE ANN. § 157.008 (Vernon 2002)(proving affirmative defenses to a motion for enforcement of child support); TEX.FAM.CODE ANN. § 156.006 (Vernon 2002)(providing that a court may render a temporary order in a suit for modification). An obligor who chooses not to take advantage of these provisions runs the risk of facing an arrearages judgment which the trial court has no discretion to reduce or modify. *See* TEX.FAM.CODE ANN. § 157.261-157.263.

Mr. Martinez has not disputed, either in the trial court, or during this appeal, that he failed to fulfill his child support obligation during the pendency of his motion to modify. As such, there is no factual dispute that Mr. Martinez was in arrears at the time the trial court entered its modification order. In accordance with Sections 157.261 and 157.263, Ms. Carroll was entitled to a money judgment for the total amount of the arrearages, and the trial court had no discretion but to enter such an order. Therefore, the trial court abused its discretion by determining

-9-

Ms. Carroll's motion for enforcement was moot. Accordingly, Issues One and Two are sustained.

Having sustained both of Appellant's issues, we reverse the trial court's judgment and remand the case for further proceedings consistent with this opinion.[5]

August 21, 2008

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., Barajas, C.J. (Ret.), and Ables, Judge
Barajas, C.J. (Ret.)(Sitting by Assignment)
Ables, Judge (Sitting by Assignment)

---

[5] In her prayer for relief, Ms. Carroll asks this Court to render judgment in her favor for the "full child support arrearage in the amount of $7,776.82 plus interest." Because the trial court determined that the issue of arrearages was moot, we do not have the benefit of a fact finding establishing the actual amount of arrearages owed. Without such a finding, we cannot render a money judgment as Ms. Carroll requests. On remand, the trial court need only review the existing record to determine the amount due in arrearages so that it may enter a judgment in accordance with Section 157.261.