**Opinion filed December 9, 2010**



In The

# Eleventh Court of Appeals

_____

## No. 11-08-00323-CV

_____

## IN THE INTEREST OF A.N.O., A CHILD

**On Appeal from the 106th District Court**
**Dawson County, Texas**
**Trial Court Cause No. 02-05-16537**

## O P I N I O N

Iris Briones-Garrison appeals the trial court's order modifying the parent-child relationship between herself and her daughter, A.N.O. We affirm.

### I. *Background Facts*

Iris and Fidel Ogeda are the parents of A.N.O. but were not married. In 2002, Iris filed an original petition in a suit affecting the parent-child relationship and asked to be designated as the conservator with the right to determine A.N.O.'s primary residence or, alternatively, that A.N.O.'s residence be restricted to Dawson County or any contiguous county. The trial court entered temporary orders that gave Iris the right to designate A.N.O.'s residence but restricted her residence to Dawson County. When the trial court concluded the trial, it announced that the parties would be joint managing conservators, that Iris would

have the right to designate A.N.O.'s residence, and that A.N.O.'s residence would be restricted to Dawson County. The written decree tracked these holdings except that it contained no residency restriction.

Several years later, Iris became engaged to Matt Garrison, and she notified Fidel that she and A.N.O. were moving to Rockwall with Garrison and that they would then move to Midland. Fidel filed a petition to modify and asked for the right to designate A.N.O.'s residence. Fidel also asked for a temporary restraining order (TRO) preventing Iris from removing A.N.O. from Dawson County.

The trial court held a hearing on Fidel's motion for a TRO. Fidel entered into evidence that portion of the custody trial transcript containing the trial court's oral pronouncement. At the end of the TRO hearing, the trial court announced that it recalled placing a geographic restriction on A.N.O.'s residence and that this restriction would remain in place. The trial court entered a temporary restraining order that prevented either party from removing A.N.O. from Dawson County. The court later entered temporary orders in which it recited the prior oral residency ruling and noted that it had not been modified. When the trial court conducted an evidentiary hearing on the petition to modify, it found for Fidel and modified the parent-child relationship to give him the right to designate A.N.O.'s residence within Dawson County.

## II. *Issues*

Iris challenges the trial court's order with a single issue, contending that the trial court erred when it modified conservatorship because there was insufficient evidence of a material and substantial change of circumstance.

## III. *Discussion*

### A. *Standard of Review.*

We review the trial court's decision to modify conservatorship under an abuse of discretion standard. *Gillespie* v. *Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982). A trial court abuses its discretion when it acts arbitrarily or unreasonably or when it clearly fails to correctly

analyze or apply the law. *Downner v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985). Legal and factual insufficiency challenges are not independent grounds for asserting error in custody determinations but are relevant factors in assessing whether the trial court abused its discretion. *In re T.D.C.*, 91 S.W.3d 865, 872 (Tex. App.—Fort Worth 2002, pet. denied). An abuse of discretion does not occur if some evidence of a substantive and probative character exists to support the trial court's decision. *Bates v. Tesar*, 81 S.W.3d 411, 424-25 (Tex. App.—El Paso 2002, no pet.). We consider only the evidence most favorable to the trial court's ruling and will uphold its judgment on any legal theory supported by the evidence. *Niskar v. Niskar*, 136 S.W.3d 749, 753-54 (Tex. App.—Dallas 2004, no pet.).

*B. Material and Substantial Change of Circumstance.*

Iris frames this as a relocation case and argues that her move was not a material and substantial change of circumstance. Fidel responds that this is a residency restriction case and argues that the trial court had ample evidence upon which to conclude that A.N.O.'s residence should remain in Dawson County.

When the trial court heard Fidel's petition to modify, Iris had married Garrison. They were living in Rockwall but were in the process of moving to Midland. Iris contends that moving A.N.O. to Midland would not be a material and substantial change of circumstance and relies heavily upon the El Paso Court's decision in *Bates*, 81 S.W.3d 411. There, the court held that relocation was not, as a matter of law, a material and substantial change in circumstance but that moving a significant distance could support a finding of changed circumstance. *Id.* The court noted that this is a fact-intensive inquiry and suggested that trial courts consider the following factors:

- the distance involved;
- the quality of the relationship between the noncustodial parent and the child;
- the nature and quantity of the child's contacts with the noncustodial parent, both *de jure* and *de facto*;

3

- whether the relocation would deprive the noncustodial parent of regular and meaningful access to the children;

- the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent;

- the motive for the move;

- the motive for opposing the move;

- the feasibility of preserving the relationship between the noncustodial parent and the child through suitable visitation arrangements; and

- the proximity, availability, and safety of travel arrangements.

*Id.* at 430.

Iris contends that a consideration of these factors does not support the trial court's material and substantial change of circumstance finding. However, the El Paso Court was not faced with a residency restriction in *Bates*. Subsequently, in *Fuentes v. Jasso*, No. 08-03-00109-CV, 2004 WL 1078498 (Tex. App.—El Paso May 13, 2004, no pet.) (mem. opinion), the court considered a custody order that did contain a residency restriction. The father had the right to designate his son's residence, but that residence was restricted to El Paso. The father moved to Tucson, Arizona. He asked that the geographic limitation be lifted. The mother responded by asking for the right to designate her son's residence. The trial court ruled in the mother's favor. *Id.* at *1. The El Paso Court affirmed. It found that, when the father moved, the conflict between the father's right to designate his son's residence and the residency restriction made the custody order unworkable and ripe for modification. *Id.* at *2. A similar situation is present here.

The trial court could not simultaneously maintain the residency restriction and Iris's right to designate A.N.O.'s residence. Iris did not ask the trial court to lift the residency restriction, and she has not addressed that restriction in her appeal. We need not, therefore, consider the effect of the failure to include a residency restriction in the original custody order or the effect of the trial court's subsequent orders containing one. Fidel argues that, because Iris did not specifically request the elimination of the residency restriction at trial, she cannot contest that restriction on appeal. We agree that she did not strictly comply with TEX. R. APP. P. 33.1(a) and that a trial court ordinarily does not abuse its discretion by not making an unrequested ruling.

4

*See Willis v. Willis*, 826 S.W.2d 700, 702 (Tex. App.—Houston [14th Dist.] 1992, no writ) (failure to preserve objection to the trial court's judgment creates waiver on appeal). In this case, however, it was clear that, by opposing Fidel's petition to modify, Iris was implicitly asking the trial court to either eliminate the residency restriction or to at least modify it by adding Midland County as an acceptable location. But even though we assume an implicit request, this is insufficient to fully challenge the trial court's failure to grant her affirmative relief. Because Iris was seeking a modification of the custody order, she also had the burden of proving that there was a material and substantial change of circumstance and that her requested modification was in A.N.O.'s best interest. *Cisneros v. Dingbaum*, 224 S.W.3d 245, 258 (Tex. App.—El Paso 2005, no pet.). Iris's failure to address why the trial court erred by not finding that she carried her burden of proof leaves us unable to conclude that the trial court abused its discretion by not granting her implicit request. TEX. R. APP. P. 38.1(f).

If we assume that Iris's opposition to Fidel's petition and her issue are sufficient to preserve a challenge to the modification order, she has not shown an abuse of discretion. The Family Code provides four grounds for modifying a custody order: (1) by agreement of the parties, (2) the child's preference, (3) a voluntary relinquishment, or (4) a material and substantial change of circumstance. TEX. FAM. CODE ANN. § 153.007(a) (Vernon 2008), § 156.101 (Vernon Supp. 2010). The first three grounds are not implicated in this case. Thus, Iris's implicit request to modify necessarily concedes that a material and substantial change of circumstance had occurred. Furthermore, because of the irreconcilable conflict between Iris's right to designate A.N.O.'s residence and the residency restriction, the trial court did not err by finding that a material and substantial change in circumstance had occurred.

The next question is whether the trial court's decision to give Fidel the right to designate A.N.O.'s residence was in A.N.O.'s best interest. Texas appellate courts review a

trial court's best interest finding using the *Holley* factors. *See Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976). These factors include, without limitation, the following:

(1) the desires of the child;

(2) the emotional and physical needs of the child now and in the future;

(3) the emotional and physical danger to the child now and in the future;

(4) the parental abilities of the individuals seeking custody;

(5) the plans for the child by these individuals;

(6) the stability of the home;

(7) the acts or omissions of the parent that may indicate that the existing parent-child relationship is not a proper one; and

(8) any excuse for the acts or omissions of the parent.

*Id.* When the trial court's decision involves relocation issues, the Texas Supreme Court has identified the following additional factors:

(1) the relationship with and presence of extended family;

(2) the presence of friends;

(3) the presence of a stable and supportive environment;

(4) the custodial parent's improved financial situation and ability to provide a better standard of living for the child;

(5) the positive impact on the custodial parent's emotional and mental state, with beneficial results to the child;

(6) the noncustodial parent's right to have regular and meaningful contact;

(7) the ability of the noncustodial parent to relocate; and

(8) the ability of the noncustodial parent to adapt his work schedule to the child.

*Lenz v. Lenz*, 79 S.W.3d 10, 15-19 (Tex. 2002).

At the conclusion of the final hearing, the trial court advised the parties that A.N.O.'s best interest could be served by being in either parent's home. Iris maintains that she is the better choice for primary conservator, but she does not challenge Fidel's parenting abilities. Because the trial court found that both parties were good parents, it gave consideration to the residency restriction. When a conservatorship order has been implemented, the concept of res judicata attaches, and the order establishes what was in the child's best interest at the time of the divorce. *Knowles v. Grimes*, 437 S.W.2d 816, 817 (Tex. 1969). The trial court's oral pronouncement at the original custody trial establishes that A.N.O.'s best interest at that time was served by a residency restriction.

The trial court had sufficient evidence upon which to conclude that the residency restriction was still in A.N.O.'s best interest. The court noted that Iris originally requested the residency restriction and that of it neither party had ever complained. A.N.O. has resided in Dawson County since shortly after her birth. A.N.O. was in school in Lamesa, and she was involved in ballet, soccer, and Girl Scouts. She had grandparents, aunts, uncles, and several cousins her age in Lamesa. She had no family in Midland. Garrison is a Lieutenant with the Texas Department of Public Safety. He has been with the DPS for ten years. Midland was his sixth duty station. Consequently, there was reason to believe that A.N.O. would be required to periodically move if the trial court lifted the residency restriction.

Texas public policy encourages promoting stability for children and discourages constant litigation in child custody cases. *Bates*, 81 S.W.3d at 421. Iris correctly notes that A.N.O. has resided with her all of her life and that the trial court's order dramatically altered this constant. A.N.O. has, however, lived in Lamesa essentially all of her life, and she has several connections to that community. If the court lifted the residency restriction, this constant would be altered. The trial court was, therefore, required to weigh competing concerns when determining A.N.O.'s best interest. Trial courts are in the best position to observe the demeanor and personalities of the witnesses and can feel the forces, powers, and influences that cannot be discerned by merely reading the record. *Id.* at 424. Thus, trial courts do not abuse their discretion so long as some evidence of a substantive and probative character exists to

7

support the trial court's decision. *Jenkins v. Jenkins*, 16 S.W.3d 473, 477 (Tex. App.—El Paso 2000, no pet.). The trial court had sufficient evidence upon which to conclude that A.N.O.'s best interest would be served by retaining the residency restriction. Because Iris had moved and because both parties were good parents, the trial court did not err by giving Fidel the right to designate A.N.O.'s primary residence. Iris's issue is overruled.

## IV. *Conclusion*

The judgment of the trial court is affirmed.


RICK STRANGE

JUSTICE


December 9, 2010

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.