

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

§

§ No. 08-18-00046-CV

§ Appeal from the

IN THE INTEREST OF W.M., A Child. §

§ 383rd District Court

§ of El Paso County, Texas

§ (TC# 2013DCM7531)

§

## **O P I N I O N**

David Brandon Laney, pro se, challenges the trial court's judgment assessing a child support arrearage against him. We affirm the judgment of the trial court.

## **BACKGROUND**

On April 21, 2014, the trial court issued an order requiring Laney to pay $201.00 per month in child support and $113.00 per month in cash medical support. On October 17, 2017, the Attorney General's Office filed a suit seeking modification of the child support order and moved to confirm a support arrearage, alleging Laney owed $12,616.87 in child support arrearages and $5,186.80 in medical support arrearages as of October 3, 2017. Laney, who was incarcerated, filed a letter requesting the ability to be present at the hearing via videoconference. The trial court granted his request.

A hearing was held on January 30, 2018. Although the hearing was apparently recorded electronically, neither the recording or a transcript appear in the record. The trial court—the Honorable Phyllis Gonzalez, Associate Judge of the 383rd District Court presiding[1]—issued an order downwardly modifying Laney's child support obligation and cash medical support obligation to zero dollars beginning February 1, 2018, due to the fact that Laney was incarcerated.[2] However, the trial court confirmed that as of December 31, 2017, Laney owed $13,185.70 in back child support and $5,482.00 in back cash medical support, and ordered Laney to pay $120.00 per month toward the child support arrearage and $80.00 per month toward the cash medical support arrearages.

This pro se appeal followed.

## DISCUSSION

We read Laney's brief as raising two main complaints, which will we refer to as Issue One and Issue Two.

### *Right to Appointed Counsel*

We will address Laney's procedural complaint first. In Issue One, Laney contends that the trial court erred by failing to appoint counsel to represent him in this matter as required by the Sixth Amendment to the United States Constitution. We disagree.

The Sixth Amendment to the United States Constitution grants indigent criminal defendants the right to counsel, but only in criminal cases, not civil cases. *Culver v. Culver*, 360

---

[1] Laney has raised a challenge in his brief to Judge Gonzalez's authority to hear his case, contending that she did not have any judicial authority because her name was not listed in a publicly available list of judges. We note that Phyllis Gonzalez is named as a duly-appointed judicial authority both on a current El Paso County directory, where she is listed as a court master in AG Title IV court (https://www.epcounty.com/documents/COUNTYDIRECTORY.pdf at pg. 2), and in the official directory of child support judges promulgated by the Texas Supreme Court (https://www.txcourts.gov/media/1441151/ivd-web-page-info.pdf at pg. 4). We find that Laney's challenge to Gonzalez's judicial authority is without merit.

[2] *See* TEX.FAM.CODE ANN. § 154.068.

S.W.3d 526, 535 n.17 (Tex.App.—Texarkana 2011, no pet.). "The doctrine of ineffective assistance of counsel does not apply to civil cases where there is no constitutional or statutory right to counsel." *Id.* at 535. And given that this case is a modification case and does not involve circumstances that would trigger statutory rights to counsel, such as enforcement of the arrearage through civil or criminal contempt, TEX.FAM.CODE ANN. § 157.163, or the termination of parental rights, TEX.FAM.CODE ANN. § 107.012-.013, we find no error as to this ground.

Issue One is overruled.

### *Retroactive Application of Zero Amount*

In Issue Two, Laney asserts that the trial court erred by not ordering the arrearage amounts to be canceled and his child support arrearage debt retroactively set to zero dollars. We disagree.

A support order may be modified with regard to the amount of support ordered only as to obligations accruing after the earlier of (1) the date of service of citation or (2) an appearance in a suit to modify. TEX.FAM.CODE ANN. § 156.401(b). We review child support decisions for abuse of discretion. *In re J.I.M.*, 281 S.W.3d 504, 506 (Tex.App.—El Paso 2008, pet. denied). The trial court has the broad discretion to modify child support obligations, even retroactively effective to the earlier of the date of service of citation or an appearance in the suit to modify. *Id.* at 508. However, the trial court also had a duty to render judgment on a proven arrearage during a modification proceeding. *Id.* at 509. When there is no factual dispute that a party is in arrears, the trial court has no discretion but to enter a money judgment. *Id.*

Here, Laney was in arrears on child support payments and the trial court had no power to retroactively modify child support payments to offset those amounts before Laney was served in this suit. Therefore, there was nothing improper about the trial court rendering a money judgment in the amount for which Laney was in arrears prior to his being served and responding to the

3

Attorney General's motion to modify. To the extent he argues that the trial court's inclusion of post-service, post-answer arrearage amounts was an abuse of discretion, there is no record to support Laney's claim,[3] and in any event, Laney's specific argument that the child support arrearages should have been vacated because the original 2014 monthly payment plan was orchestrated outside his presence without him being appointed counsel or alleged furnishing his financial status are issues beyond this Court's power to resolve, as the original 2014 order was never apparently timely appealed. Laney cannot collaterally attack that order in this procedural posture.

Issue Two is overruled.

## CONCLUSION

There is no reversible error in the record before us. The judgment of the trial court is affirmed.

July 15, 2019

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Palafox, JJ.

---

[3] Laney did apparently attempt to request a copy of the reporter's record from the hearing. A letter from a certified court reporter for the 383rd District Court addressed to this Court states that while she was not the reporter present in Title IV-D court before the Hon. Phyllis Gonzalez, it was the court reporter's understanding that Title IV-D court used an audio record keeping system. No recording of that session appears in our record.

In *In re B.R.G.*, we abated appellate proceedings and directed the trial court to hold a hearing to establish the existence of, and verify the authenticity of, the recording of a Title IV-D hearing. *See In re B.R.G.*, 48 S.W.3d 812, 816-17(Tex.App.—El Paso 2001, no pet.). However, we will decline to abate proceedings here because the arguments in Laney's brief focus entirely on issues that can be resolved by reviewing filings in the clerk's record (i.e. the trial court not appointing counsel for him, the authority of associate judge to render judgment, and the validity of the original 2014 child support order).

4