George HACHAR, Sr., Appellant/Cross–Appellee,

v.

Isaura HACHAR, et al.,
Appellees/Cross–
Appellants.

No. 04–03–00840–CV.

Court of Appeals of Texas,
San Antonio.

Nov. 24, 2004.

Lamont A. Jefferson, Ben L. Meches, Lisa S. Barkley, Haynes and Boone, L.L.P., San Antonio, Debra J. McComas, Haynes and Boone, L.L.P., Dallas, for appellant.

Thomas H. Veitch, Bruce K. Spindler, Langley & Banack, Inc., San Antonio, for appellees.

Sitting: ALMA L. LÓPEZ, Chief Justice, CATHERINE STONE, Justice, SARAH B. DUNCAN, Justice.

## OPINION

Opinion by ALMA L. LÓPEZ, Chief Justice.

George Hachar, Sr. ("George") appeals the trial court's orders awarding attorney's fees in an action relating to the trusts created under Nicholas D. Hachar's Last Will and Testament. George contends that the trial court erred in awarding attorney's fees to Isaura Hachar, Guadalupe Hachar Didieu, Maria Guadalupe Rebeca Hachar de la Fuente, and Olga Hachar Lavaude (collectively referred to herein as the "Beneficiaries").[1] George also con-tends that the trial court erred in refusing to award him ‧conditional appellate fees. The Beneficiaries filed a cross-appeal asserting a conditional issue if this court determines that the award of attorney's fees is governed by a "prevailing party" standard and a second issue relating to the percentage used to calculate post-judgment interest. We affirm the trial court's orders.

## BACKGROUND

Nicholas D. Hachar created testamentary trusts for his children and their children in his Last Will and Testament. The will named five individual trustees and one corporate trustee, the Laredo National Bank. The will provided that upon the death, resignation, or removal of the individual trustees, the remaining trustees would continue to serve as trustees; provided, however, that a corporate trustee was required to be appointed whenever there was a vacancy in the corporate trusteeship.

The Laredo National Bank resigned as trustee and the International Bank of Commerce ("IBC") was appointed as successor corporate trustee on March 3, 1992. The will provides that a majority of the individual trustees will appoint a successor corporate trustee; however, if a majority cannot decide, one of the district courts in Webb County must appoint the successor. IBC resigned as corporate trustee by written notice dated August 4, 2000. At that time, only two individual trustees remained, George Hachar and Isaura Hachar. Because they failed to appoint a successor corporate trustee, IBC filed a petition requesting the trial court to appoint a successor corporate trustee.

1. IBC's original petition reflects that George is also a beneficiary of the trusts, and the failure to include George in the definition of the term "Beneficiaries" is not intended to have any legal effect. The defined term is simply used for ease of reference.

The Beneficiaries filed an answer and a cross-claim against George alleging that he had violated the terms of the trust and breached his fiduciary duty in the manner in which he managed the trust property. The primary asset of the trust is a 6500–acre ranch, and the trust's property is valued in excess of $25 million. George answered the cross-claim asserting numerous affirmative defenses, including laches, estoppel, waiver, and consent. George also filed a counterclaim for attorney's fees.

The trial court ultimately severed the cross-claim into a separate cause number. A judgment was entered on November 30, 2001, appointing Falcon International Bank as successor corporate trustee. The judgment states, "The Court finds that under the circumstances, Falcon International Bank is the only entity willing to serve as Corporate Trustee which meets the requirements of the Testator being a bank and having statutory trust powers. The Court further finds that there is currently no national bank located in reasonably close proximity that is willing to serve as Successor Corporate Trustee." The judgment reserved the issue of attorney's fees for a later date.

The trial court subsequently entered an order awarding George $131,677.29 in attorney's fees. The trial court found that George had segregated the legal work performed with regard to the successor trustee appointment from the legal work relating to the cross-claim. The Beneficiaries appealed the attorney fee award.

The parties then proceeded with discovery on the severed cross-claim, and a number of hearings were held. On October 28, 2002, a hearing was held at which the trial court announced, "Let the record reflect that the court has talked to all parties, has entered into negotiations this morning, and based on discussions with all parties, I

believe we have an agreement." The agreement was dictated into the record, and a written settlement agreement was subsequently signed. The settlement agreement vested Falcon Bank with exclusive control over the development and management of the land owned by the trust for a period of ten years. The agreement also provided that all reasonable and necessary attorney's fees incurred by both sides would be taxed against the trust, with the trial court to determine the amount of fees reasonably and necessarily incurred.

The Beneficiaries submitted an application for attorney's fees, attaching the affidavit of one of their attorneys, Thomas H. Veitch. The application requested $182,731 in fees and $25,922.06 in expenses. Veitch recited the factors he considered in determining that the amounts charged in the attached itemized statements were reasonable and necessary. The statements contained charges from October 25, 2000, to November 21, 2002. Veitch also stated that "of the $182,713.00 [sic] in fees" approximately $10,000 were incurred in representing Isaura Hachar as Trustee with regard to IBC's motion to withdraw as corporate trustee." The trial court entered an order awarding the Beneficiaries $106,030.00 in fees and $21,981.00 in expenses.

George also submitted his application for attorney's fees and expenses. George's application detailed the various factors relied upon in determining that the fee is reasonable and necessary. In his application, George also asserted that the Beneficiaries were not entitled to any fees because they were the losing party and the trial court could only award fees to the prevailing party. Attached to George's application was the affidavit of one of his attorneys, Lamont Jefferson. Mr. Jefferson summarized the history of the litiga-

tion and attached itemized billing records. The application requested $222,801.40 in fees and $15,533.46 in expenses. George also filed a supplemental application seeking attorney's fees in the event of an appeal. The Beneficiaries responded to the application, stating that George was not the prevailing party. The trial court entered an order awarding George $152,718.00 in fees and $15,533.00 in expenses. The trial court's order included detailed findings and conclusions.

Both George and the Beneficiaries filed notices of appeal.

## BENEFICIARIES' ATTORNEY'S FEES

■ Section 114.064 of the Texas Trust Code provides, "In any proceeding under this code the court may make such award of costs and reasonable and necessary attorney's fees as may seem equitable and just." TEX. PROP.CODE ANN. § 114.064 (Vernon 1995). The granting or denying of attorney's fees to a trustee under section 114.064 is within the sound discretion of the trial court, and a reviewing court will not reverse the trial court's judgment absent a clear showing that the trial court abused its discretion by acting without reference to any guiding rules and principles. *See Lee v. Lee,* 47 S.W.3d 767, 793–794 (Tex.App.-Houston [14th Dist.] 2001, pet. denied); *Lyco Acquisition 1984 Ltd. P'ship v. First Nat. Bank of Amarillo,* 860 S.W.2d 117, 121 (Tex.App.-Amarillo 1993, writ denied).

■ Section 114.064 is virtually identical to the costs provision contained in the Uniform Declaratory Judgments Act ("Act"). Section 37.009 of the Act provides, "In any proceeding under this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just." TEX. CIV. PRAC. & REM.CODE ANN. § 37.009 (Vernon 1997).

The award of attorney's fees, in declaratory judgment actions, is clearly within the trial court's discretion and is not dependent on a finding that a party "substantially prevailed." *Barshop v. Medina County Underground Water Conservation Dist.,* 925 S.W.2d 618, 637 (Tex.1996). "The same is true of other statutes that provide that a court 'may' award attorney fees." *Bocquet v. Herring,* 972 S.W.2d 19, 20 (Tex.1998). Accordingly, section 114.064 is not a "prevailing party" statute, and we need not further address the Beneficiaries' "conditional" issue on cross-appeal.

■ With regard to awarding attorney's fees, the reasonable and necessary requirements are questions of fact to be determined by the factfinder, but the equitable and just requirements are questions of law for the trial court to decide. *Ridge Oil Co. v. Guinn Invs., Inc.,* 148 S.W.3d 143, 161–62 (Tex. 2004). Unreasonable fees cannot be awarded, even if the court believes them just, but the court may conclude that it is not equitable or just to award even reasonable and necessary fees. *Id.*

■ The determination of whether attorney's fees are reasonable and necessary is guided by reference to the factors set forth in Rule 1.04 of the Rules of Professional Conduct, including: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal services properly; (2) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation

and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered. *See* TEX. DISCIPLINARY R. PROF'L CONDUCT 1.04(b), reprinted in TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A (Vernon 1998); *Everest Exploration, Inc. v. URI, Inc.*, 131 S.W.3d 138, 144 (Tex.App.-San Antonio 2004, no pet.). On appeal, matters of fact are subject to legal and factual sufficiency review. *See Bocquet*, 972 S.W.2d at 21. To determine whether there is legally sufficient evidence, we review only the evidence and the inferences tending to support the finding and disregard all evidence and inferences to the contrary. *Everest Exploration, Inc. v. URI, Inc.*, 131 S.W.3d at 144. If there is more than a scintilla of evidence to support the finding, the legal sufficiency challenge must fail. *Id.*

George initially contends that the trial court's award of attorney's fees to the Beneficiaries was not equitable and just. George asserts that the trial court was required to take into consideration the "success" of the parties in exercising its discretion. As previously determined, although a trial court may consider a party's success, section 114.064 is not a prevailing party statute; therefore, an award of attorney's fees under section 114.064 is not dependent on a finding that a party "substantially prevailed." *Barshop*, 925 S.W.2d at 637. In this case, the trial court was very involved in the parties' negotiations in reaching a settlement and during the discovery process that lasted almost one year. The trial court has more knowledge than this court with regard to the issues that concerned both parties. From their response to George's application, it appears that the Beneficiaries believed they were successful in removing the development and management of the trust's land from George's control. Given the

history of the litigation and its ultimate resolution by settlement, the trial court did not err in determining that an award of attorney's fees to the Beneficiaries was equitable and just.

■ George also contends that the evidence is legally insufficient to support a finding that the attorney's fees incurred by the Beneficiaries were reasonable and necessary. George asserts that the affidavit submitted by the Beneficiaries' attorney was conclusory and amounts to no evidence.

The affidavit of the Beneficiaries' attorney listed the factors he considered in determining that the fees itemized in the billing statements were reasonable and necessary. Those factors include the factors listed in Rule 1.04. Generally, a trial court does not abuse its discretion when an attorney testifies that the fees incurred were reasonable and necessary and summarizes the hours worked and rate charged. *See London v. London*, 94 S.W.3d 139, 147 n. 3 (Tex.App.-Houston [14th Dist.] 2002, no pet.) (listing numerous cases finding no abuse of discretion). The fact that the attorney in this case testified to the reasonableness and necessity of the fees in an affidavit does not preclude the trial court from relying on that testimony. Accordingly, the affidavit and itemized billing statements are legally sufficient evidence to support the award of the attorney's fees to the Beneficiaries.

George further contends that the attorney's fees were erroneously awarded because the Beneficiaries failed to segregate the fees relating to the replacement of the corporate trustee from the fees relating to the cross-claim. Although the Beneficiaries did have a duty to segregate the fees relating to the corporate trustee action, *Everest Exploration, Inc. v. URI, Inc.*, 131 S.W.3d at 144, the affidavit in support of

their application states approximately $10,000.00 in fees were incurred in regard to the corporate trustee action. This is sufficient segregation. *See Flagship Hotel, Ltd. v. City of Galveston,* 117 S.W.3d 552, 565 n. 7 (Tex.App.-Texarkana 2003, pet denied) (noting segregation can be provided by rough percent of amount attributable to each claim); *Leon Ltd. v. Albuquerque Commons P'ship,* 862 S.W.2d 693, 709 (Tex.App.-El Paso 1993, no pet.) (testimony providing percentage of total fees attributable to various claims sufficient segregation); *Reeves v. Ultra Realty Co.,* No. 05–99–01144–CV, 2000 WL 1015970, at *10 (Tex.App.-Dallas, July 25, 2000, no pet.) (not designated for publication) (very subjective estimate of segregated amount sufficient).

George complains that the $10,000.00 estimation is contrary to the billing records. George asserts that the records show time and travel expenses in excess of $10,000.00 were incurred while the corporate trustee litigation was pending. George's complaint, however, ignores that the Beneficiaries initially filed their cross-claim in the pending corporate trustee litigation. Although the actual pleading was not filed until June of 2001, the itemized fee statements reveal several early entries regarding the discussion of strategies which the trial court may have believed included discussions regarding the counter-claim. In addition, an entry regarding proposed pleadings appears as early as December of 2000 which was after the date the original answer was filed. Accordingly, the trial court was not required to conclude that all entries made while the corporate trustee litigation was pending related exclusively to the corporate trustee issue.

### APPELLATE ATTORNEY'S FEES

 We review a trial court's award of appellate attorney's fees under an abuse of discretion standard. *J.C. Penney Life Ins. Co. v. Heinrich,* 32 S.W.3d 280, 289 (Tex.App.-San Antonio 2000, pet. denied). The general rule appears to be that a "trier of fact, in its discretion, may allow a fee to an attorney for an appeal, but is not required to do so." *Neal v. SMC Corp.,* 99 S.W.3d 813, 818 (Tex.App.-Dallas 2003, no pet.); *see also Anderson, Greenwood & Co. v. Martin,* 44 S.W.3d 200, 221 (Tex.App.-Houston [14th Dist.] 2001, pet. denied). In *Lee v. Perez,* however, the Houston 14th court held that when a party presented expert testimony that $10,000 was a reasonable fee for an appeal, the trial court had the discretion to award a smaller fee but no discretion to award nothing. 120 S.W.3d 463, 469–70 (Tex.App.-Houston [14th Dist.] 2003, no pet.). In a footnote, the Houston 14th court noted that *Martin* suggests the contrary but concluded that *Martin* was not controlling because it was written by a panel of visiting judges. *Id.* at 469 n. 27.

Because no findings of fact and conclusions of law were requested with regard to the trial court's decision not to conditionally award appellate attorneys' fees, we are left to speculate regarding the trial court's reasons. In view of the trial court's comments at the hearing at which the settlement was dictated into the record, the trial court could have considered the tortured history of the litigation and the fact that the parties had reached a settlement. Perhaps the trial court decided not to award appellate attorney's fees in an effort to discourage an appeal. In any event, we hold that the awarding of appellate attorney's fees is not mandatory, and the trial court did not abuse its discretion in not awarding conditional appellate attorneys fees. *See Ridge Oil Co.,* 148 S.W.3d at 161–62 (court may conclude that it is not equitable or just to award even reasonable and necessary fees).

### Post-Judgment Interest

In their second cross-appeal issue, the Beneficiaries contend that the trial court erred in awarding George post-judgment interest at 10%, which exceeded the percentage rate permitted by the Texas Finance Code. The Beneficiaries contend that the amount of post-judgment interest is contrary to the amount permitted by law and the collection of the excessive interest rate would constitute a breach of George's fiduciary duty as a trustee of the trusts. George counters that the issue was waived because no complaint was made to the trial court.

"To preserve a complaint of error in a judgment, a party must apprise the trial court of its objection by a motion to amend or correct the judgment, a motion for new trial, or some other similar method." *Willis v. Willis*, 826 S.W.2d 700, 702 (Tex.App.-Houston [14th Dist.] 1992, no writ); *see also Plasky v. Gulf Ins. Co.*, 160 Tex. 612, 335 S.W.2d 581, 584 (1960) (appellant waived error concerning time period of postjudgment interest); *Jackson v. Ranger Dev. Co.*, No. 01–01–00611–CV, 2002 WL 31087161, *3 (Tex.App.-Houston [1st Dist.] Sept. 19, 2002, no pet.) (contention that trial court erred in holding that postjudgment interest was at the rate of 10% per annum waived) (not designated for publication). Because the Beneficiaries did not apprise the trial court of their objection to the percentage rate, error has not been preserved.[2]

### Conclusion

The trial court's orders are affirmed.

---

2. The Beneficiaries also contend that the collection of an excessive interest rate would constitute a breach of George's fiduciary duty. Although this claim may give rise to future litigation, it is not ripe for our consideration in this appeal.