A & L ENGINEERING & CONSULT-
ING, INC., Abdolkarim Nikmanesh,
and Giant A. Aryani, Appellants

v.

SHILOH APOLLO PLAZA, INC. and
Michael Jezari, Appellees.

No. 05–09–00527–CV.

Court of Appeals of Texas,
Dallas.

June 30, 2010.

George S. Henry, The Law Offices of George S. Henry, Dallas, TX, for Appellants.

Charles E. Klein, Dallas, TX, for Appellees.

Before Justices MOSELEY, RICHTER, and MYERS.

## OPINION

Opinion By Justice MYERS.

Appellants, A & L Engineering & Consulting, Inc., Abdolkarim Nikmanesh, and Giant A. Aryani, appeal the trial court's judgment awarding appellees, Shiloh Apollo Plaza, Inc. and Michael Jezari, quantum meruit damages and attorney's fees. In only one issue, appellants argue the trial court abused its discretion by awarding $20,822.35 in attorney's fees to appellees because the evidence is legally and factually insufficient to support the award. We affirm in part, and reverse and remand in part.

### BACKGROUND AND PROCEDURAL HISTORY

On September 15, 2006, appellees filed suit for declaratory judgment against appellants seeking to remove a lien placed on their property by appellants. Appellees alternatively pleaded breach of contract and fraud claims. On November 9, 2006, appellees filed a motion for summary judgment based on the allegedly invalid lien. Appellants counterclaimed for quantum meruit and responded to the motion for summary judgment. On September 19, 2007, the trial court granted appellees' motion for summary judgment on the issue of the lien, noting the lien was invalid and should be removed. The trial court's order stated that "trial on the issue of Plaintiff's [appellees'] reasonable attorney's fees and Defendants' [appellants'] counterclaims" would be held on a later date. During that trial, which was held on February 3 and 4, 2009, evidence was heard regarding both appellees' attorney's fees and appellants' counterclaim.

The trial court rendered judgment on February 5, 2009, concluding appellees should recover $20,822.35 in attorney's fees "for services rendered through the trial of this case." The court then determined that appellants "shall have of and recover from [appellees], jointly and severally, in quantum meruit the sum of $54,960.00 and its reasonable and necessary attorney's fees incurred in the presentation of that claim in the amount of $33,125.00 for all services rendered through the trial of this cause." The court also concluded appellants should recover "jointly and severally, the additional sum of $15,000 for attorney's fees in the event that the above-referenced cause is appealed to the Court of Appeals and A & L Engineering and Consulting, Inc. prevails." The court awarded appellants an additional $5,000 as reasonable and necessary attorney's fees in the event they prevailed in an appeal to the Texas Supreme Court.

Appellees' motion for new trial was overruled by operation of law, and appellants perfected this appeal. Appellees did not file a brief.

### DISCUSSION

In their only issue, appellants argue the trial court abused its discretion because the evidence is legally and factually insufficient to support the attorney's fees awarded by the trial court. Specifically, appellants contend the trial court awarded appellees attorney's fees of $20,822.35 "for services rendered through the trial of this case," yet the appellees were only entitled to attorney's fees for their declaratory judgment action—not their unsuccessful defense against appellants' quantum meruit counterclaim—and appellees' counsel did not segregate recoverable and non-recoverable claims. In addition, appellants contend that appellees' expert testified as to the "wrong standard in how he" calculated attorney's fees. "When the correct standard is applied," appellants argue appellees are entitled to no more than $8,000.00 in attorney's fees.

### Standard of Review

The trial court has discretion under the Declaratory Judgments Act to grant or deny attorney's fees, and the court's judgment will not be reversed on appeal absent a showing that it abused its discretion. *Oake v. Collin County,* 692 S.W.2d 454, 455 (Tex.1985); *Lesikar v. Moon,* 237 S.W.3d 361, 375 (Tex.App.-Houston [14 Dist.] 2007, pet. denied). The trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Joe v. Two Thirty Nine Joint Venture,* 145 S.W.3d 150, 161 (Tex.2004); *Lesikar,* 237 S.W.3d at 375. However, there is no abuse merely because the trial court decides a matter within its discretion differently than the appellate court. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 242 (Tex.1985); *Lesikar,* 237 S.W.3d at 375. Under an abuse of discretion standard, legal and factual sufficiency of the evidence are relevant factors in determining whether the trial court abused its discretion. *Beaumont Bank, N.A. v. Buller,* 806 S.W.2d 223, 226 (Tex. 1991); *Lesikar,* 237 S.W.3d at 375.

### Applicable Law

The trial court may award reasonable and necessary attorney's fees as are equitable and just under the Declaratory Judgments Act. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 37.009 (Vernon 2008); *Lesikar,* 237 S.W.3d at 375. Whether the attorney's fees are reasonable and necessary are fact questions to be determined by the fact finder. *Ridge Oil Co. v. Guinn Invs., Inc.,* 148 S.W.3d 143, 161 (Tex.2004); *Hachar v. Hachar,* 153 S.W.3d 138, 142

(Tex.App.-San Antonio 2004, no pet.); *Lesikar*, 237 S.W.3d at 375. Whether attorney fees are equitable and just are questions of law for the court to decide. *Ridge Oil Co.*, 148 S.W.3d at 161; *Hachar*, 153 S.W.3d at 142; *Lesikar*, 237 S.W.3d at 375. "Unreasonable fees cannot be awarded, even if the court believed them just, but the court may conclude that it is not equitable or just to award even reasonable and necessary fees." *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex.1998); *see also Lesikar*, 237 S.W.3d at 375–76.

■ Generally, the party seeking to recover attorney's fees carries the burden of proof. *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 10 (Tex.1991); *Smith v. Hennington*, 249 S.W.3d 600, 606 (Tex. App.-Eastland 2008). To show attorney's fees are reasonable and necessary, the moving party is required to show the fees were incurred while suing the party sought to be charged with the fees on a claim that allows recovery of such fees. *See Smith*, 249 S.W.3d at 606. "As a general rule, attorney's fees are not recoverable in Texas unless allowed by contract or statute." *Jakab v. Gran Villa Townhouses Homeowners' Ass'n, Inc.*, 149 S.W.3d 863, 867 (Tex.App.-Dallas 2004, no pet.). If attorney's fees are authorized for some, but not all, of a party's claims, that party generally has the duty to segregate the recoverable from the non-recoverable attorney's fees. *Tony Gullo Motors, I. L.P. v. Chapa*, 212 S.W.3d 299, 313–14 (Tex.2006); *Smith*, 249 S.W.3d at 606. However, a party is not required to segregate attorney's fees if "discrete legal services advance both a recoverable and unrecoverable claim," thus causing the fees to become "so intertwined that they cannot be segregated." *Chapa*, 212 S.W.3d at 313–14; *see also Smith*, 249 S.W.3d at 606.

*Analysis*

■ In this case, appellees filed a declaratory judgment action, which allows for the recovery of attorney's fees. *See* Tex. Civ. Prac. & Rem.Code Ann. § 37.009. Appellees, however, were not entitled to attorney's fees for defending against appellants' quantum meruit counterclaim. *See Gentry v. Squires Const., Inc.*, 188 S.W.3d 396, 406 (Tex.App.-Dallas 2006, no pet.) (section 38.001 of civil practice and remedies code allows for recovery of attorney's fees in suit for quantum meruit, but to recover fees under statute party must prevail on cause of action for which attorney's fees are recoverable and recover damages); *see also Mag Instrument, Inc. v. G.T. Sales, Inc.*, 294 S.W.3d 800, 808 (Tex. App.-Dallas 2009, pet. filed). Defending against the quantum meruit counterclaim did nothing to advance appellees' declaratory judgment action, *see Chapa*, 212 S.W.3d at 313–14, and appellees' defense against the counterclaim was independent and separable from the efforts expended towards the advancement of the declaratory judgment action. Yet the trial court awarded appellees attorney's fees of $20,822.35 "for services rendered through" trial. Appellees' expert on fees testified that the attorney's fees were higher than they would have been had there been no counterclaim. Looking at appellees' attorney's fees billing invoices, moreover, we note that telephone calls and conferences listed in the billing records involve parties and subjects unknown, and it is thus impossible to determine to what extent those conversations concerned the declaratory judgment action or other matters.

■ Appellees failed to segregate recoverable from unrecoverable fees. An award of attorney's fees based on evidence of unsegregated fees requires a remand. *See Chapa*, 212 S.W.3d at 314; *Lesikar*,

237 S.W.3d at 378. We reverse that portion of the trial court's judgment awarding appellees attorney's fees of $20,822.35, and remand the issue to the trial court for further proceedings. The remainder of the judgment is affirmed.