**Affirmed and Memorandum Opinion filed March 6, 2012.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-11-00583-CV

---

**JANENE FANDAL BRANTLEY, Appellant**

**V.**

**MATTHEW FRANCOIS BRANTLEY, Appellee**

---

**On Appeal from the 247th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2005-70040**

---

## M E M O R A N D U M   O P I N I O N

Appellant Janene Fandal Brantley appeals the trial court's order modifying the parent-child relationship, which pertains to Janene and appellee Matthew Francois Brantley's conservatorship of their two children. We affirm.

### BACKGROUND

Matthew petitioned for divorce from Janene in 2005, and the trial court signed an agreed final divorce decree on February 27, 2009. The February 27, 2009 divorce decree appointed Matthew and Janene joint managing conservators of their two children and contained specific provisions regarding Matthew and Janene's conservatorship.

On October 28, 2010, Matthew filed a "Petition to Modify Parent-Child Relationship," claiming a material or substantial change in the circumstances of the children or parties and seeking, among other things, certain modifications to the February 27, 2009 divorce decree provisions regarding child support and payment of medical expenses. Matthew and Janene attended mediation regarding these issues and signed a Mediated Settlement Agreement ("MSA") on May 3, 2011. The MSA states that "[a]ll orders contained in the [February 27, 2009] final decree of divorce not specifically modified herein shall remain in full force [and] effect." The parties do not dispute that the MSA is binding under Texas Family Code section 153.0071 and that the parties are entitled to judgment in the form of a modification order based on the MSA. *See* TEX. FAM. CODE ANN. § 153.0071(d), (e) (West 2008).

The parties also do not dispute that the MSA did not modify the February 27, 2009 divorce decree conservatorship provisions regarding the children's enrollment in school zones within the Cy Fair Independent School District. According to those provisions, the children "shall attend the school" for which Matthew's home was zoned when the trial court signed the divorce decree on February 27, 2009; if Matthew thereafter moved to a different zone within the school district, Janene's address, if within the original zone, would be used to retain the children's eligibility as long as she resides within the original zone.

After receiving and rejecting a proposed modification order drafted by Matthew, Janene filed a "Motion for Enforcement of Mediated Settlement Agreement and Entry of [Janene's] Order in Suit to Modify Parent-Child Relationship." In her motion, Janene requested that the trial court sign Janene's proposed modification order based on the MSA and complained that the proposed modification order drafted by Matthew did not conform to the MSA. Specifically, she complained that some of the agreed-upon modifications detailed in the MSA were not incorporated into Matthew's proposed modification order, and that Matthew's proposed modification order erroneously incorporated "pages of items—such as conservatorship and travel—which were not part

2

of the MSA." On June 7, 2011, the trial court signed an "Agreed Order in Suit to Modify Parent-Child Relationship," a version of Matthew's proposed modification order.[1]

Janene immediately appealed, arguing in two issues that the June 7, 2011 modification order unnecessarily and erroneously recites certain provisions from the February 27, 2009 divorce decree that were unaffected by the MSA, and that the recitation impermissibly causes material changes to the operation of those provisions. In particular, she argues that although both parties' proposed modification orders properly contained an order that the children "attend the Cy Fair Independent School District public schools[] where they are presently zoned," Matthew's proposed order additionally recited two February 27, 2009 divorce decree conservatorship provisions ordering that the children "shall attend the school for which [Matthew's] home is zoned" unless he moves outside of the "current school zone." Janene argues that by reciting these provisions in the June 7, 2011 modification order, the trial court effectively and impermissibly changed the date from which the parties determine where the children are required to attend school.[2]

## ANALYSIS

Matthew argues that we should not reach the merits of Janene's issues on appeal because, among other things: (1) Janene did not specifically argue in her "Motion for Enforcement of Mediated Settlement Agreement and Entry of [Janene's] Order in Suit to

---

[1] The "agreed" order was not approved as to form or substance by Janene or her counsel.

[2] Janene argues outside the record to assert that some time after February 27, 2009, Matthew moved outside the original school zone, and that the children currently are using Janene's address to retain eligibility in that original school zone. She contends that by setting the children's "current school zone" to Matthew's address at the time of the June 7, 2011 modification order, the children's zoning would be or could be affected. Even without relying on the truth of these facts, we agree that, according to Janene's interpretation, the June 7, 2011 modification order hypothetically could affect the "current school zone" of the children. We note, however, that Matthew argues on appeal that "[t]he June 7 Order does not change the [February 27, 2009] Agreed Final Decree in any material respect" and that the court "cannot have changed the terms of an order by entering those terms verbatim in another order." He further states that the trial court "cannot have violated the MSA by repeating the exact terms of the order which the MSA required remain unchanged except as specifically provided," and he does not challenge Janene's assertion that the MSA did not specifically modify the "current school zone" of the children.

3

Modify Parent-Child Relationship" that the recitation of the conservatorship provisions from the February 27, 2009 divorce decree effectively would change the "current school zone" of the children; and (2) Janene failed to file any post-judgment motions or objections to the recitation of the complained-of language in the trial court's June 7, 2011 modification order. Because Matthew's arguments are dispositive of both Janene's issues on appeal, we address them first.

As a prerequisite to presenting a complaint for appellate review, the record must show that "the complaint was made to the trial court by a timely request, objection, or motion" that "stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1(a)(1)(A); *In re T.M.G.R.*, 164 S.W.3d 851, 855–56 (Tex. App.—Beaumont 2005, no pet.) (overruling complaint that trial court's order differed from MSA because complaint was contradicted by the record and was not presented to the trial court); *Murphy v. Leveille*, No. 02-08-130-CV, 2009 WL 2619857, at *1–3 (Tex. App.—Fort Worth Aug. 26, 2009, no pet.) (per curiam) (mem. op.) (overruling complaint that trial court's order differed from MSA because complaining party failed to make trial court aware of objections); *Barina v. Barina*, No. 03-08-00341-CV, 2008 WL 4951224, at *1–3 (Tex. App.—Austin Nov. 21, 2008, no pet.) (mem. op.) (considering appellee's argument that appellant waived complaint regarding discrepancy between MSA and final divorce decree; concluding that record demonstrated that appellant's complaint to trial court was sufficiently specific to make trial court aware of discrepancy); *see also Ricks v. Ricks*, 169 S.W.3d 523, 527–28 (Tex. App.—Dallas 2005, no pet.) (overruling complaint regarding discrepancy between MSA and final divorce decree under similar Texas Family Code section 6.602 because complaining party failed to make trial court aware of objection).

"To preserve a complaint of error in a judgment, a party must apprise the trial court of its objection by a motion to amend or correct the judgment, a motion for new trial, or some other similar method." *Hachar v. Hachar*, 153 S.W.3d 138, 145 (Tex.

4

App.—San Antonio 2004, no pet.) (citing *Willis v. Willis*, 826 S.W.2d 700, 702 (Tex. App.—Houston [14th Dist.] 1992, no writ)).

In Janene's "Motion for Enforcement of Mediated Settlement Agreement and Entry of [Janene's] Order in Suit to Modify Parent-Child Relationship," she states that she unsuccessfully requested revisions to Matthew's proposed modification order, and that these requested revisions "included the deletion of pages of items—such as conservatorship and travel—which were not part of the MSA." Janene did not complain more specifically in her motion, as she does on appeal, that the inclusion of two specific items in those pages effectively changes the operation of provisions that were not modified by the parties' MSA.[3] We conclude that Janene's complaint regarding the erroneous inclusion of "pages of items" was not sufficient to alert the trial court to Janine's specific complaint regarding the "current school zone" issue. *Compare Ricks*, 169 S.W.3d at 527–28 (complaining party objected to divorce decree because it had "many provisions . . . that did not comport with the [MSA]," and that "[m]any of the changes were not made, things were added which she did not agree to, and there are other mistakes"; error not preserved because complaining party "did not make the trial court aware of her specific objections to the decree or in what respects it failed to comply" with the MSA), *with Barina*, 2008 WL 4951224, at *1–3 (record demonstrated that complaining party made trial court aware of his complaint that proposed final divorce decree was inconsistent with parties' MSA; trial court entered proposed final divorce decree after counsel verbally explained to trial court how certain paragraphs in proposed final divorce decree conflicted with MSA).

Such a complaint was not apparent from the context because a recitation of other provisions of the February 27, 2009 divorce decree that are not dependent on the date of the trial court's signature arguably would not change the operation of those provisions. *See* TEX. R. APP. P. 33.1(a)(1)(A). Janene did not otherwise object or apprise the trial

---

[3] The record contains no transcript from any hearing concerning either Janene's or Matthew's proposed orders.

5

court of her complaint in a post-trial motion. *See Hachar*, 153 S.W.3d at 145 (citing *Willis*, 826 S.W.2d at 702)). Because she did not preserve her complaint for our review, we overrule Janene's issues on appeal.

## CONCLUSION

Having overruled both of Janene's issues on appeal, we affirm the judgment of the trial court.

/s/    Sharon McCally
        Justice

Panel consists of Chief Justice Hedges and Justices Jamison and McCally.