**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**FILED**

February 19, 2014

Lyle W. Cayce
Clerk

No. 13-20109

ADVANCED NANO COATINGS, INCORPORATED; INTUMESCENTS
ASSOCIATES GROUP; VADO AG,

Plaintiffs - Appellees

v.

JOSEPH HANAFIN,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-1243

Before BENAVIDES, CLEMENT, and GRAVES, Circuit Judges.

JAMES E. GRAVES, JR., Circuit Judge:*

This case arises from a dispute over an employment contract. Joseph
Hanafin, the defendant-appellant, is a former employee of the plaintiff-
appellees, Vado AG ("Vado"), its wholly-owned subsidiary Advanced Nano
Coatings, Inc., ("ANC"), and an affiliated Texas informal partnership,
Intumescents Associates Group ("IAG"). After a bench trial, the district court
found that Hanafin breached his employment contract with Vado and ANC and

---

*Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 13-20109

breached his fiduciary duties as an officer of these companies. The district court awarded the plaintiffs damages and attorney's fees, which Hanafin contested on appeal. Finding no clear error or abuse of discretion in the district court's opinion, we AFFIRM the district court's awards of both damages and attorney's fees.

## FACTS AND PROCEDURAL HISTORY

On or about November 15, 2005, Hanafin entered into an employment agreement with Vado in which Hanafin agreed to devote 100% of his professional time and effort to Vado or its subsidiary, ANC. During his employment, Hanafin was to use his knowledge, skill and research to develop water-based and epoxy intumescent fire-productive coating products for Vado and ANC. On February 2, 2009, Hanafin ended his employment by resigning his positions as president and director of ANC, employee and director of Vado, and director of technology at IAG.

When the plaintiffs discovered that Hanafin was engaging in self-dealing with the plaintiffs' customers during the period of his employment, they filed suit against Hanafin in the United States District Court for the Southern District of Texas in April 2009.[1] Vado and ANC asserted claims against Hanafin for breach of contract, breach of fiduciary duty, and tortious interference with prospective relations, seeking both damages and injunctive relief. On August 30, 2010, Hanafin filed a motion for summary judgment in the district court arguing that the breach of contract claim was meritless and that the parties did not have standing to bring suit. *See Advanced Nano*

---

[1] The plaintiffs also filed a separate lawsuit in the Superior Court of Massachusetts in 2010 against Hanafin and two industry competitors with whom Hanafin had been self-dealing, Cafco and Promat. *Advanced Nano Coatings, Inc. v. Hanafin*, SUCV201004066, 2011 WL 6975983, at *3 (Mass. Super. Nov. 2, 2011). The Massachusetts court dismissed the suit on the grounds of *res judicata*, finding that plaintiffs' claims had already been litigated in the Southern District of Texas. *Id.* at *5.

No. 13-20109

*Coatings, Inc. v. Hanafin*, 478 F. App'x 838, 840 (5th Cir. 2012). The district court granted Hanafin's motion. *Id.* at 841–42. The plaintiffs appealed, arguing that they did have standing and that there were genuine issues of material fact regarding whether Hanafin breached his employment contract or tortiously interfered with the plaintiffs' prospective business contracts. *Id.* In May 2012, a panel of this Court agreed, vacated the district court's summary judgment ruling and remanded the case for further proceedings. *Id.* at 848. No portion of this Court's previous opinion was at issue in the instant appeal.

Upon remand, the parties conducted a bench trial. The district court found, *inter alia*, that Hanafin breached his employment contract with Vado and ANC and breached his fiduciary duties as an officer of these companies. The district court awarded the plaintiffs damages for Hanafin's breach of contract and for the plaintiffs' lost profits. The parties' employment agreement also included a provision for prevailing party attorney's fees. The district court awarded the plaintiffs $417,688.44 in attorney's fees incurred by Vado and ANC through trial, and $57,000 in appellate attorney's fees in the event they are the prevailing party in an appeal. Hanafin filed a timely appeal to this Court, challenging only the amount of damages and attorney's fees awarded by the district court.

**STANDARD OF REVIEW**

"In the appeal of a bench trial, we review findings of fact for clear error and conclusions of law and mixed questions of law and fact *de novo*." *Dickerson v. Lexington Ins. Co.*, 556 F.3d 290, 294 (5th Cir. 2009) (citations omitted). Pursuant to Federal Rule of Civil Procedure 52, the district court's findings of fact following a non-jury trial will "not be set aside unless clearly erroneous." Fed. R. Civ. P. 52(a)(6). We review "fact findings in determining the reasonableness of an attorney fee award for clear error," and "the ultimate

No. 13-20109

award of fees is reviewed for abuse of discretion." *Coffel v. Stryker Corp.*, 284 F.3d 625, 640 (5th Cir. 2002) (internal citations and quotations omitted).

## DISCUSSION

### A. Damages

Under Texas law, to prevail on a breach of contract claim the plaintiff must prove, *inter alia*, that "the plaintiff sustained damages." *Bayway Servs., Inc. v. Ameri-Build Const., L.C.*, 106 S.W.3d 156, 160 (Tex. App. 2003). The district court awarded plaintiffs contractual damages in the amount of $342,116.80, which is the amount that Hanafin received in salary and benefits during his employment with Vado and ANC. During Hanafin's testimony at trial, Hanafin acknowledged that he received $342,116.80 in payments from Vado and ANC under his employment contract.

The district court also found that Hanafin breached his fiduciary obligations to Vado and ANC, a finding Hanafin does not dispute on appeal. The Texas Supreme Court recently stated that "if the fiduciary . . . acquires any interest adverse to his principal, without a full disclosure, it is a betrayal of his trust and a breach of confidence, and he must account to his principal for all he has received." *ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 872 (Tex. 2010) (internal citations and quotation marks omitted). Accordingly, Hanafin's breach of fiduciary duties obligates him to repay everything he gained by virtue of his position, including payments for his salary and any expenses he may have incurred.

The district court also found that Hanafin caused plaintiffs damages in the form of lost profits. On appeal, Hanafin challenges the district court's calculation of the amount of lost profits on two grounds. First, Hanafin contends that he was not given a fair opportunity to explain his post-resignation business dealings with Vado and ANC's customers. Hanafin's arguments are without merit. The record evidence shows that during the

bench trial Hanafin was given notice that the district court would be considering his business dealings with Vado and ANC's customers, such as Aquis and Cafco/Promat, and that Hanafin had an opportunity to present testimony on this issue.

Second, Hanafin objects to the district court's calculation of the amount of plaintiffs' lost profits. Under Texas law, a reviewing court must determine "whether competent evidence establishe[d] th[e] amount [of lost profits] with reasonable certainty." *Swinnea*, 318 S.W.3d at 876. The Texas Supreme Court has held that "[c]ontrasting revenue from a time period immediately before the period at issue is an established method of proving revenue for a lost profit damages calculation." *Id.* at 877; *see also Texas Instruments, Inc. v. Teletron Energy Mgmt.*, 877 S.W.2d 276, 279 (Tex. 1994) ("In order that a recovery may be had on account of loss of profits . . . . [i]t is permissible to show the amount of business done by the plaintiff in a corresponding period of time not too remote, and the business during the time for which recovery is sought.").

In the instant case, the district court based its lost profit calculations on record evidence that showed ANC's profits before and after Hanafin's resignation. Hanafin himself testified about the amount of profit ANC generated from its sales before his resignation. Craig Scott, who took over as President of ANC after Hanafin's departure, also testified about ANC's sales to Aquis before Hanafin's resignation and the drop in sales after he resigned. *See Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 168 (5th Cir. 2010) (recognizing that a "corporate officer who provides projections or opinions about changes in profits" is qualified to testify about such matters as a lay witness) (internal citation omitted). The district court relied on competent evidence provided by two officers of ANC, Hanafin himself and Craig Scott, to make a calculation regarding lost profits with reasonable certainty. The district court also used a permissible method for calculating lost profit

damages under Texas law. Therefore, we find no clear error in the district court's damages award.

## B. Attorney's Fees

"A fee award is governed by the same law that serves as the rule of decision for the substantive issues in the case." *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). "Under Texas law, when a prevailing party in a breach of contract suit seeks fees, an award of reasonable fees is mandatory, as long as there is proof of reasonable fees." *Id.* at 462. This Court reviews a district court's award of attorney's fees for abuse of discretion. *Am. Rice, Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321, 341 (5th Cir. 2008). "However, findings of fact regarding the reasonableness of attorney's fee awards are reviewed for clear error." *Id.*

In the instant case, the parties' employment contract included a provision for attorney's fees to be awarded to the prevailing party. The plaintiffs filed a motion for attorney's fees on December 6, 2012, requesting a total of $417,688.44 for fees and expenses generated during the trial.[2] The panel has reviewed the motions and the record and finds no abuse of discretion

---

[2] In their briefing before this Court, Appellees asserted that "the [district] Court's [attorney's fee] award reflects a reduction of the total fees by $125,210.81." Also, at oral argument Appellees' counsel stated that the difference in the amount of attorney's fees requested and the amount the district court awarded shows that "Judge Hoyt has subtracted off $125,210 in attorney's fees." Both the assertion in the brief and counsel's statement at oral argument are different from and inconsistent with the evidence in the record. In their motion for attorney's fees before the district court, Appellees only requested a total of $417,688.44 in fees and expenses. In an affidavit attached to their motion, Appellees asserted that the total amount of fees and expenses they incurred during litigation was actually $542,899.55, but that the Appellees themselves had voluntarily reduced their request by $125,210.81 in order to account for any doubling of efforts and to segregate any work done on unsuccessful claims in the case. The district court, therefore, awarded $417,688.44 in fees, which is the exact amount they requested. Accordingly, the record shows that it was the Appellees—and not the district court itself—who engaged in any mathematical reduction of fees in this case. Because we find no abuse of discretion in the district court's fee award, we affirm the award despite counsel's misrepresentation of the facts.

No. 13-20109

in the district court's award of fees. *See Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 10 (Tex. 1991) (noting that a "trial court may award those fees that are 'reasonable and necessary' for the prosecution of the suit").

The plaintiffs also requested $57,000 in attorney's fees in the event they are the prevailing party in an appeal. Under Texas law, the "trier of fact, in its discretion, may allow a fee to an attorney for an appeal, but is not required to do so." *Hachar v. Hachar*, 153 S.W.3d 138, 144 (Tex. App. 2004). An appellate court "review[s] a trial court's award of appellate attorney's fees under an abuse of discretion standard." *Id.* In the instant case, the plaintiffs are the prevailing party in this appeal, and we find no abuse of discretion in the district court's award of appellate attorney's fees.

## CONCLUSION

Hanafin has not shown that the district court's damages award was clearly erroneous, nor that the district court abused its discretion in awarding the plaintiffs' attorney's fees. Accordingly, we AFFIRM the judgment of the district court.